Knoebel *v.* Kircher.

## JACOB KNOEBEL

*v.*

## FREDERICK KIRCHER.

1. PLEADING — *special plea amounting to the general issue.* A special plea which simply traverses a portion of the facts which the plaintiff is bound to prove in order to establish a *prima facie* right to recover under his declaration, is bad, as amounting to the general issue.

2. ESTOPPELS IN PAIS — *declarations — consent.* Estoppels *in pais* are to prevent injuries from acts and representations which have been acted upon. A declaration, to constitute an estoppel, must be one, the injurious influence of which might, and ought to have been foreseen. It must be acted upon in good faith, and the person acting upon it must have changed his situation so that injury would result to him if the party making the declaration were allowed to retract it.

3. In this case two makers of a note stated to the guarantor of the same instrument, that one of them desired to be discharged from liability thereon, and asked the guarantor if he was willing the name of that maker should be erased from the note. The guarantor declared to them that he was willing it should be done. The maker whose name was to remain upon the note immediately informed the payee of what had transpired, and thereupon the latter caused the name of the other maker to be erased. In a suit by the payee against the guarantor, in which this discharge of one of the makers was set up as a defense, it was *held*, that the guarantor could not be allowed to retract his declaration of willingness for such discharge, after it had been acted upon in good faith by the payee. It was not essential to the continuing of the guarantor's liability that his consent to the discharge should be formally made the subject of a contract between him and the holder of the note, or that it should be communicated to the latter by the former, in person, or by his authorized agent.

The payee having acted upon the guarantor's declaration in the manner stated, and thereby discharged one of the makers from further liability, being induced so to do by the declarations of the guarantor, which the latter knew would be communicated to him, and which he made with a view to that result, the guarantor was estopped to retract the declaration, and his liability continued as before.

4. RELEASE OF SEVERAL MAKERS OF ONE OF A NOTE — *its effect upon the liability of the guarantor.* Where the name of one of several makers of a note is erased by the mutual consent of all the parties to the instrument, the liability of the guarantor will not be affected thereby, but will continue without any new express promise to pay.

5. PLEADING — SURPLUSAGE. And in declaring against the guarantor in such case, an averment that he, in consideration of the erasure of the name of one of the makers, verbally promised that he would guarantee the payment of the note, and that his original guarantee of the same should remain in force, is surplusage.

6. PLEADING — *immateriality of a plea.* A plea in relation to the matter of an averment in the declaration, which is mere surplusage, is bad for immateriality.

7. WITNESS — COMPETENCY — INTEREST. There is no rule of law which prevents the payee of a note from calling the maker to charge the guarantor.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was an action of assumpsit, instituted in the Circuit Court by Frederick Kircher against Jacob Knoebel, upon the following instrument:

"$1,500. Twelve months after date, we, or either of us, promise to pay to Mr. Frederick Kircher, or to his order, the sum of fifteen hundred dollars, for money borrowed, with interest at the rate of ten per cent. per annum.

"GEORGE BRESSLER.
—"CHARLES FISCHER.—

" Ch. Fischer's name struck out by consent of Frederick Kircher, in presence of Theodore Dauth and T. A. Throp, Belleville, 6 December, 1858, and indorsed thereon as follows, viz.: I guarantee the payment of the within note.

"JACOB KNOEBEL."

The declaration contained five counts. The appellee abandoned the first and second counts. The third count is in the words and figures following, viz.: "And for that whereas also heretofore, to wit, on the 6th day of December, 1858, at Belleville, to wit, at the county of St. Clair aforesaid, in consideration of $1,500, then loaned to them by plaintiff, one George Bressler and one Charles Fischer made their certain other promissory note in writing of that date, by which they then and there jointly and severally promised to pay, twelve months after the date thereof, to the said plaintiff or order, the sum of fifteen hundred dollars, for borrowed money, with interest at the rate of ten per cent. per annum, for value received, and the said defendant, then and there, and for the consideration aforesaid, promised the said plaintiff to guarantee the payment of the said promissory note, and the said defendant then and there did guarantee the payment of the said promissory note, by writing

his name on the back of the said promissory note, and then and there delivering the same, with his name so written on the back thereof, to the plaintiff. And afterwards, to wit, on the day and year aforesaid, at, &c., aforesaid, by agreement of the plaintiff, the defendant, said Bressler and said Fischer, the name of said Fischer was struck out and erased from said note, and the defendant, in consideration (among other things) of the prejudice thereby accruing to the plaintiff, and of the benefit thereby accruing to said Fischer, then and there agreed with the plaintiff, before and at the time said Fischer's name was so struck out and erased from said note, that he, the defendant, would still continue to guarantee the payment of said note as fully and effectually as in the said original instance. And the said defendant then and there, for the consideration last aforesaid, adopted his signature upon said note aforesaid, and agreed with plaintiff that it should stand as a renewed guarantee upon said note, after the erasure of said Fischer's name therefrom, by means whereof the defendant then and there became liable to pay the sum of money specified in the said note, according to the tenor and effect thereof, and being so liable, the defendant afterwards, to wit, on the day and year aforesaid, at, &c., aforesaid, undertook and faithfully. promised the plaintiff to pay him the money specified in said note, according to the tenor and effect thereof, when thereunto afterwards requested."

. The fourth count sets out the guarantee of the defendant substantially as in the third count above; then sets out "that afterwards, on the day and year aforesaid, by the mutual consent of plaintiff, defendant Bressler and said Fischer, the said name of said Fischer was struck out and erased from said note, and the defendant, in consideration of the said striking out and erasure of said Fischer's name, then and there verbally promised the plaintiff, that he, the defendant, would guarantee the payment of said note, and agreed with the plaintiff, that he the defendant would guarantee the payment of said note, and agreed with plaintiff that his, defendant's, said original guarantee should remain in full effect. By means, &c." The fifth count sets out the execution of the note and guarantee of defendant substan-

tially as in the other counts, and states that in consideration that the plaintiff had, at the special instance and request of defendant (and with the consent of said Bressler), consented to have the name of said Fischer stricken out and erased from said note, the defendant then and there undertook, and faithfully promised the plaintiff that he, defendant, would continue to guarantee the payment of said note according to the tenor and effect thereof, and by virtue of his said original guarantee thereof, by means whereof, &c.

To which declaration the defendant filed the general issue sworn to, and the following special pleas: And the said defendant for a further plea in this behalf, by leave of the court, says *actio non,* because he says, that after the execution of said promissory note by George Bressler and Charles Fischer, in said plaintiff's declaration mentioned, and after said defendant put his name on the back of the same, and after the delivery of the same to the said plaintiff, to wit: at, &c., aforesaid, the said plaintiff caused to be erased the name of Charles Fischer, one of the makers of said promissory note, and then and there discharged him, the said Fischer, from all liability thereon, without the knowledge or authority of said defendant, and this the said defendant is ready to verify, &c.

And for a further plea, &c., as to the fourth count of said plaintiff's declaration, said defendant says *actio non,* because, he says, that the said supposed promise of said defendant in said count mentioned was not in writing, wherefore, by force of the statute, in such case made and provided, said supposed promise was void, &c.

To which said special pleas the plaintiff filed special demurrers, which were sustained by the court.

The cause came on to be tried upon the general issue at the October Term, 1862, before the court, a jury being waived by agreement of parties.

The plaintiff offered in evidence the deposition of Charles Fischer, one of the original makers of said promissory note.

To the reading of which deposition the defendant at the time objected, on account of the interest of said witness, which objec-

tion was overruled by the court, and the same read in evidence, to which ruling of the court the defendant at the time excepted.

Fischer stated in his deposition that he and Bressler went out to Mr. Knoebel, and that Bressler stated to him that he (Bressler) and witness had settled their business, and Bressler asked Knoebel if he be satisfied if his (Fischer's) name be stricken out on the note, and that Knoebel said he be satisfied.

Plaintiff then introduced one George Bressler, one of the makers of said note, and against whom a judgment has been rendered on said note, and it remained unpaid, to the introduction of which witness in evidence the defendant at the time objected, on account of the interest of said witness, which objection was overruled by the court, to the overruling of which the defendant at the time excepted. Witness stated that he knew defendant's handwriting, and that he put his name upon the note before it was delivered to the plaintiff; that Fischer wanted his name off the note, and then he, witness and Fischer went together to see Knoebel, if he would consent to have Fischer's name taken off the note; that witness asked defendant if he had any·objection to his (Fischer's) name being taken off the note; Knoebel said he had no objection.

The same evening or next day, witness went to plaintiff and informed him of *defendant's* consent to have Fischer's name taken off the note; and Kircher then, as owner of the note, consented to have it done. That Charles Fischer was then in Urbanna, St. Clair county.

Defendant did not tell witness to tell plaintiff to have Fischer's name taken off the note, nor of his consent to have it taken off. Witness thinks he did not tell defendant he was going to see plaintiff, but looked upon it as a matter of course.

T. Dauth testified that Kircher, the plaintiff, came to his office with the note, and witness wrote the following memorandum on said note, to wit: " Ch. Fischer's name struck out by the consent of Fred. Kircher, in presence of Theodore Dauth and A. Throp." ·Witness struck out the name of Fischer from under said note in presence of plaintiff and by his order. Defendant was not present at the time.

The note was also given in evidence. Upon this testimony the issue was found in favor of the plaintiff. The defendant moved for a new trial, which was denied, and judgment was entered in pursuance of the finding. Thereupon he took this appeal, and now assigns for error:

*First*, the sustaining of the demurrers to the special pleas;

*Second*, the admission of the testimony of Charles Fischer and George Bressler, who were parties to the instrument sued upon, and, as is alleged, interested in the event of the suit.

Messrs. W. H. UNDERWOOD and GEORGE TRUMBULL for the appellant.

Mr. J. BAKER for the appellee.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

This was an action of assumpsit upon a guaranty of the appellant, of a promissory note made by George Bressler and Charles Fischer, payable to the appellee, but from which Fischer's name had been erased by the consent of all parties. The declaration contained five counts, the first two of which were abandoned. The appellant pleaded the general issue, accompanied with an affidavit of its truth and two special pleas. To the second and third pleas a special demurrer was interposed and sustained. The second plea is simply a traverse of a portion of the facts which the plaintiff was bound to prove, in order to establish a *prima facie* right to recover under his declaration. It is well settled that such a plea is bad as amounting to the general issue. The third plea is, that the promise alleged in the fourth count of the declaration was not in writing, and therefore void. The demurrer to this plea was properly sustained. The count sets forth all the facts necessary to constitute a legal liability on the part of the defendant: the making of the note, the guaranty of the same by the defendant, the erasure of Fischer's name therefrom by the *mutual* consent of all parties, and then avers that the defendant, in considera-tion of the erasure of Fischer's name, verbally promised that he

would guaranty the payment of the note; and that his original guaranty of the same should remain in full force. The last allegation is clearly surplusage, and the plea that this verbal promise was not in writing, was bad for immateriality. On the trial in the court below, it appeared in evidence that Bressler and Fischer, the makers of the note, were copartners and, as such, had borrowed the money of appellee for which the note was given. The appellant guaranteed the payment of the note before the money was obtained or the note delivered. Afterwards a controversy arose between Bressler and Fischer, and they dissolved their copartnership and made a settlement of their business, by which Bressler was to retain the assets of the firm and pay the note in question; and as a practical mode of discharging Fischer from his liability thereon, it was proposed that his signature should be erased. They understood that it was necessary for them to obtain the consent of appellant in order to have the erasure made, and they went together to see him for that purpose. They stated to appellant that they had dissolved their copartnership and settled their business; that Bressler was to retain the assets and pay the note, and that Fischer desired to be discharged from liability thereon, and asked appellant if he was willing that Fischer's name should be erased from the note. The appellant declared to them that he was perfectly willing it should be done. It is evident that appellant knew the object and purpose of requesting his assent, and he gave it with a full knowledge that it would or might be acted upon. After obtaining the assent of appellant, Bressler went immediately to appellee and informed him of what had transpired between appellant, Fischer and himself; and thereupon appellee caused Fischer's name to be erased from the note. It was urged that the erasure of Fischer's name from the note rendered it a new contract between appellee and Bressler, and that appellant could not be held liable thereon without a new contract to that effect between appellee and himself. It is undoubtedly true that the discharge of Fischer, without appellant's consent, would have discharged him from liability; but it does not necessarily follow that the consent necessary to

continue his liability must be formally made the subject of a contract between him and the holder of the note, or that it should be communicated to the latter by the former, in person, or by his authorized agent. It is not necessary for us to define the precise nature of the contract after the erasure of Fischer's name therefrom. He was undoubtedly discharged from liability by that act, and the sole question is, whether appellant was also discharged. It is not contended that appellant would have been discharged if he had expressly authorized Bressler to assent to the erasure of Fischer's name, but in the absence of such authority it is claimed that appellee acted at his peril. It is evident that appellant knew that his declarations made to Bressler and Fischer would be communicated to appellee. They were made with a view of influencing his action, and had a tendency to mislead him, and he was in fact misled by them, if they were not a sufficient expression of appellant's assent to continue his liability. The law requires of every man circumspection and good faith when he makes declarations upon which he knows others may act to their prejudice; and appellant was not at liberty by his declarations to induce appellee to believe that he consented to Fischer's discharge, when he must have known that such belief would influence the conduct of appellee, if he was not willing the belief thus created should be acted upon. He ought not now to be permitted to assert that his own deliberate declarations were not a sufficient authority for action, to the injury of those who, under such circumstances, acted upon them in good faith. Estoppels *in pais* are to prevent injuries from acts and representations which have been acted upon. A declaration to constitute an estoppel must be one the injurious influence of which might and ought to have been foreseen. It must be acted upon in good faith, and the person acting upon it must have changed his situation so that injury would result to him if the party making the declaration were allowed to retract it. In the present case, we think that the injurious influence of the declarations of appellant were foreseen by him when he made them. They were acted upon by the appellee, and injury would

result to him were appellant allowed to retract. Upon the trial in the court below, Bressler was called as a witness by appellee. If he had any interest in the suit it was against the party calling him. The witness was liable, at all events, for the amount of the debt, and to him it was not material whether that liability was to appellee or appellant. If the party by whom he was called was successful, there might have been a further liability against him for costs, but not otherwise; and we know of no rule of law which prevents the payee of a note from calling the maker to charge the guarantor.

*Judgment affirmed.*