RICHARD M. LONGFELLOW

*v.*

HENRY V. MOORE *et al.*

*Filed at Springfield March 28, 1882.*

</div>

1. CONTRACT—*can not rest partly in writing and partly in parol.* A contract can not rest partly in writing and partly by verbal understanding between the parties. Hence, all prior propositions and negotiations are superseded by the written contract. If any material portion of the agreement is omitted, a bill may be filed to correct the same.

2. SAME—*party must elect to purchase within the time prescribed.* Where, by a written agreement, one has the option to purchase land by a day named, on certain terms, by declaring his intention so to do, by written notice, within the time specified, and fails to elect to purchase within the time, the owner is not bound to sell to him, and may impose such new terms as he chooses, and if the other party does not accept such new terms within

the time fixed, but simply expresses a willingness to buy at a reduction of interest in the deferred payment, he can not, after the time extended, enforce the contract, or offer to sell to him, without showing an equitable excuse for the delay.

3. SAME—*estoppel—by agreement to extend time of performance.* A party who agrees to extend the time for the performance of a contract, and puts the other party off his guard, will be estopped from taking advantage of its non-performance in the time first agreed on. The other party will have the extended time in which to perform.

4. TENDER—*sufficiency—not good when too late.* After the time has passed within which one is allowed the privilege of electing to purchase land on certain terms, a tender and offer to perform comes too late; and when the contract is, that on the first payment being made a conveyance is to be given the purchaser, who is there to give notes secured by mortgage on the land, a tender of the cash payment, without the notes and mortgage, is unavailing towards procuring a specific performance.

5. MORTGAGE—*satisfaction.* Where a mortgagor of premises conveys the same to the holder of the notes secured in discharge of his indebtedness, and takes a lease from his grantee, and a contract giving him the privilege of purchasing the land in a certain time on certain terms, the original mortgage will be satisfied, and can not be invoked by the mortgagor on a bill to enforce specific performance of the contract to sell.

APPEAL from the Circuit Court of Piatt county; the Hon. C. B. SMITH, Judge, presiding.

This was a bill in equity, filed in the circuit court of Piatt county by the appellant, seeking to have a deed executed by him and his wife to appellee Henry V. Moore, for the land in controversy, declared a mortgage. The bill recites the purchase by Longfellow of the lands of Isaac Williams for $9000, payment of $2000 cash, and the execution of three notes, each $2333.33, due, respectively, in one, two and three years from the date, February 20, 1875, and the execution of a mortgage by Longfellow to secure the notes; recites the purchase of the notes by appellee H. V. Moore, and the recovery of a judgment for $5669.21 at the September term, 1878, of the Piatt circuit court, by Moore against Longfellow, upon the two notes due in two and three years; alleges that on October 8, 1878, appellant, and appellee H.

V. Moore, made a verbal agreement, to the effect that in lieu of said judgment and the other note not due, appellant was to pay Moore $8500, as follows :   $1000 February 20, 1879, $1600 one year thereafter, $2000 two years thereafter, and the balance, $3900, in three years thereafter; that to secure these sums of money appellant and wife were to convey the lands to Moore, upon the payment of $1000, on February 20, 1879, Moore was to reconvey to Longfellow, and Longfellow was then to make Moore a mortgage to secure the payment of said sums of money; alleges the extension of time upon each of said payments one year, about the 20th of February, 1879 ; alleges that in consideration of the extension of time for the payment of said sums, an agreement of Longfellow to pay Moore rent instead of interest, the rent to be $700 ; alleges the lands, when purchased by 'Longfellow, were wild, and the expenditure of about $2000 in improving the same ; the tender of $1000 to Moore, February 20, 1880, and Moore's refusal to accept it, and brings the money into court; the making of a lease by Moore to Longfellow for the premises at the time of the making of the agreement for extension of time, and the commencement of an action of forcible detainer to recover the possession of the premises.   The bill then prays that the deed from appellant and wife be declared a mortgage, that Moore be required to accept the $1000 tendered, and that appellant be permitted to execute notes and mortgage to Moore to secure the balance of the purchase money, and a general prayer for relief.

The answer of Moore admits the purchase alleged in the bill, by appellant from Williams, the making of the notes and mortgage, as alleged in the bill, by Longfellow to Williams, and the purchase of the notes by him, and alleges the assignment of the mortgage by Williams to him, and the recording thereof; admits the recovery of the judgment, as alleged, upon the two notes maturing in two and three years ; denies the making of the agreement alleged by said bill to

have been made October 8, 1878, at that or any other time; admits the making of the deed by Longfellow and wife to him, but denies that it was made as a security, and alleges he took by the deed absolute title in fee; denies the extension of time upon terms as alleged in the bill; denies in consideration of the payment of rent in lieu of interest the time was extended.

The answer avers, that in consideration of the surrender to appellant or cancellation of the note maturing four years after date, the satisfaction of the said judgment, and the payment of the costs of said judgment, the appellant agreed that he and his wife would convey said lands to Moore in fee simple; avers the surrender or cancellation of said note, the satisfaction of the judgment, in these words: "This judgment settled by conveyance of N½ sec. 32, T. 18, R. 6, Nov. 7th, '78. Henry V. Moore;" and the payment of the costs, and the making, on the same day, of the deed by appellant and wife, and the filing of deed for record on same day; avers verbal notice by appellant to Moore of his inability to comply with said agreement in the payment of the $1000, and agreement to extend time, the lease of the land for the cropping season of 1879 to appellant by Moore, and avers there was no consideration for the agreement to extend the time; avers that some time after, appellant requested Moore to furnish material to build a fence, which he did; avers the surrender by Longfellow to Moore of the agreement, and, in consequence of legislation abolishing the power of sale in trust deeds, and the reduction of the rate of interest to eight per cent, an agreement on the part of Moore to make a deed for the lands to appellant, and on the part of the appellant to execute notes, as provided in the said agreement, secured by trust deed to Moore previous to July 1, 1879, the time said laws would go into effect, the first of said notes, however, was to cover the costs of said fence, as well as the $1000 payment on the land; avers the making of the deed

by Moore and wife in pursuance of said last agreement, and the refusal of appellant to make the notes or the trust deed; pleads the Statute of Frauds and Perjuries.

Messrs. BEASON & BLINN, and Mr. ALBERT EMERSON, for the appellant:

The deed, though absolute on its face, is but a mortgage securing the indebtedness due from Longfellow to Moore, and this is so whether the defeasance signed by Moore embodies the true agreement or not. The deed and defeasance bear the same date, were executed at the same time and in pursuance of the same agreement, and the consideration in the deed is the same Moore claimed was owing him. *Miller* v. *Thomas et al.* 14 Ill. 428; *Preschbaker* v. *Feaman*, 32 id. 481; *Harbison* v. *Houghton*, 41 id. 523; *Clark* v. *Finlon*, 90 id. 246.

If once a mortgage, it must ever bear that character, and Longfellow would have a right of redemption. But if it was no security, but an agreement to resell, time is not made of the essence of the contract, and no forfeiture had been declared before the time of payment was extended. Longfellow did tender the $1000 and cost of fence, with interest thereon, within the time extended. It thereupon became the duty of Moore to accept the money and reconvey the land, as he had agreed to do, and the court below should have so decreed, and made the injunction perpetual.

Mr. S. R. REED, for the appellees:

At the time the deed was made to Moore, the obligations of the parties were put in writing, as evidenced in the written agreement, and it will be conclusively presumed that the entire contract of the parties was embraced in the writing. 1 Greenleaf on Evidence, sec. 275; *Lane* v. *Sharp*, 3 Scam. 566; *Magee* v. *Hutchinson*, 2 Gilm. 266; *Kimball* v. *Custer*, 73 Ill. 389; *Merchants' Ins. Co.* v. *Morrison*, 62 id. 242.

While a deed, absolute in form, may be shown to be a mortgage, yet the party making the allegation is always required to make strict proof, and slight and unsatisfactory evidence will not suffice to change a transaction given by the parties all the forms of a deliberate bargain and sale. *Smith* v. *Cremer,* 71 Ill. 186; *Sharp* v. *Smitherman,* 85 id. 153; *Remington* v. *Campbell,* 60 id. 516.

To change the character of the deed, it must be clearly proven that it was made to secure a debt. *Lendauer* v. *Cummings,* 57 Ill. 200; *Price et al.* v. *Karnes,* 59 id. 277.

It is true that Moore agreed to extend the time of payment one year, but it was upon certain terms, which appellant never performed. He contends by his bill it was extended upon a certain agreement or terms, which the evidence fails to show. The allegations and proofs must correspond. *Mosier* v. *Norton,* 83 Ill. 519.

Mr. JUSTICE WALKER delivered the opinion of the Court:

From all of the evidence in the case we are compelled to conclude that the written agreement signed by appellee and accepted by appellant was the agreement of the parties. It is one of the most familiar rules to the profession that a contract can not rest partly in writing and partly by verbal understanding between the parties, hence all prior propositions and negotiations are superseded by the written contract. If in its preparation any material portion of the agreement is omitted, a bill may be filed to correct the agreement; but there is no such mistake alleged or attempted to be shown in this case. We must therefore receive the written agreement signed by appellee as the agreement of the parties.

The principles of estoppel would not permit appellee to throw appellant off of his guard, and thus obtain an inequitable advantage, by agreeing to extend the time for appellant to perform the contract, and then insist on it as it was written, and the evidence in this case shows that time was

extended one year on all of the payments, and appellee is estopped from insisting on a performance at the times specified in the agreement. Appellant therefore had the extended time within which to perform his part of the agreement, but this verbal agreement made no other change in the written agreement than the time for its performance. Appellee so understood it when he had the papers prepared for execution according to the extended time. So did appellant when he demanded a performance of the agreement.

According to the terms of the written agreement, appellant had until the 20th day of February, 1879, to purchase on the terms specified, but if he determined to so purchase, the agreement, in terms, required him to declare such intention by notice in writing, and the written agreement required appellant to make his election, and to give the written notice of his intention to purchase, by the 20th of February, 1879. But he never did give such a notice. He, in July, 1879, verbally demanded the deed, some five months after the time for his election had expired according to the terms of the contract. But it may be said that appellee, by endeavoring to get appellant to make the purchase, and the latter agreeing to do so, before the 1st of July, waived the time specified in the agreement. This is true, but it was but an extension of the time until the last of June. It was in his power to insist on appellant's accepting the offer and closing up the purchase by the day named in the agreement, and appellant, had appellee not extended the time, could not after that date have compelled him to sell, unless he could have shown circumstances that would afford an equitable excuse for the delay. None are shown in this case, and it is hard to conceive how such an excuse could be shown for failing to give the notice, and demand the deed on an offer to execute the notes and mortgage.

The time, then, having expired for appellant to elect to purchase, appellee was not bound to sell, and he then had the

power to impose such terms as he chose, and appellant having previously failed to elect to purchase, could have accepted the new terms or not, as he chose. He did not, but was willing, as we infer from the evidence, to have done so at a reduction of interest on the deferred payments from ten to eight per cent. He seems to have evaded meeting appellee to close it up at ten per cent, as he agreed, until the law reducing the rate of interest to eight per cent became operative. He then demanded a fulfillment of the contract, but appellee had not extended the time for him to elect to purchase until the 1st of July, but insisted it should be closed before that time, according to the terms of the written agreement with the extended time for the payments. He urged and endeavored to get appellant to purchase on those terms, without success. He informed appellant that it must be closed before the first day of July, because the law forbade the taking of ten per cent interest after that date.

It is, however, urged, that appellant, after the 1st of July, 1879, tendered the first payment, with the cost of material for the fencing, amounting to $1190, and demanded a deed. We have seen that he had no right to elect on or after the 1st of July, and the tender came too late; but if it was not, it was not sufficient, because he did not tender the notes and mortgage, according to the terms of the written agreement. Appellee was not required, by any agreement appellant claims to have been made, written or verbal, to convey the land, unless the deferred payments were secured, nor was appellee required to have the notes and mortgage prepared ready for appellant to execute. It was his duty to prepare, execute and tender them, even had he been legally entitled to make a tender. It is therefore manifest that this attempted tender was wholly insufficient.

Appellant's counsel say, that when appellant purchased of Williams, he gave a mortgage to secure the unpaid purchase money, and appellee became its owner by purchase and

assignment, and once a mortgage always a mortgage. We are wholly at a loss to see any application such principles have to this case. The bill is not framed to have the Williams transaction declared a mortgage, or to be permitted to redeem from it, but it is to have the contract for a purchase specifically executed, and a complete answer would be, that the parties, by mutual agreement, canceled the indebtedness and mortgage, and appellant conveyed the premises to appellee, and appellant rented them at the sum of $700 per annum, took a lease, and occupied them as appellee's tenant. If this was not a satisfaction and termination of the mortgage, it is impossible to conceive what would have that effect. Nor did the agreement to give appellant the option to purchase within a specified time, and upon specified terms, revive it as a mortgage. Is it possible to suppose, after the satisfaction of the mortgage, appellee could have, at any time, foreclosed as on a mortgage? Surely not. And if not a mortgage in appellee's favor, it surely could not be in appellant's favor. If a mortgage, it must be mutually so as to both parties.

A careful inspection of this record fails to disclose any error, and the decree of the court below is affirmed.

*Decree affirmed.*