## John H. Brown

### v.

### Henry G. Abbott.

*Filed at Ottawa May 19, 1884.*

1.  GUARANTY—*tender of other security—effect upon liability of guarantor.*  The maker of a promissory note upon which there was a guaranty by a third person, procured another note, which he delivered to the holder of the former note, with a request that he declare his election whether he would accept the new note in satisfaction of the one upon which there was a guaranty.  The holder retained the new note for several years, without, however, indicating his acceptance of it in satisfaction of the prior note.  In an action upon the guaranty, subsequently brought, it was *held,* the facts mentioned did not operate to discharge the guarantor.

2.  SAME—*release of other security with guarantor's consent.*  If a guarantor of a note consents to the release of a trust deed also securing such note, which is done without the knowledge of the holder of the note, the guarantor will not thereby be released from his liability.  Where a party consents to the doing of an act which would not have been done but for his assent thereto, the person so assenting will not be permitted to make the doing of it a matter of personal advantage to himself.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding.

Messrs. G. & W. Garnett, for the appellant.

Messrs. H. S. & F. S. Osborne, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

The declaration in this case contains a special count upon the guaranty of defendant, written on the back of a note made by Kirk B. Newell to plaintiff, bearing date July 1, 1876, for the sum of $2000, with interest at the rate of ten per cent per annum.  To the declaration defendant pleaded the general issue and four special pleas, upon all of which issue was

joined to the country. The cause was submitted to the court for trial, without the intervention of a jury, who found the issues for plaintiff, and assessed his damages at the amount due on the note. A motion for a new trial, made by defendant, was overruled, and the court rendered judgment against defendant for the sum found to be due to plaintiff. That judgment was affirmed in the Appellate Court, and defendant brings the case to this court.

It appears the note in controversy was made to take the place of another note made by Newell to James L. McKeever, for a like amount with the one in suit. The note first held by plaintiff was one of three notes of the same denomination, all of which seem to have been secured by trust deed on certain lots in Chicago. After the making of the notes and trust deed Newell sold the lots to one Demond, who assumed to pay the indebtedness secured on the property. The notes embraced in the trust deed were not paid when they became due, and it was agreed Newell should give new notes, to be guaranteed by defendant, and take up the McKeever notes, that he might be able to sue Demond on his agreement to pay them. Accordingly new notes were given by Newell,— one made payable to plaintiff, and guaranteed by defendant, in the same amount as the McKeever note he had surrendered under the contract. The two other notes, made at the same time, and guaranteed by defendant, were delivered to other parties holding two of the original notes made by Newell to McKeever. The agreement as to surrendering the McKeever notes, and the making of new notes by Newell, is in writing, and is between defendant and Newell, of the first part, and plaintiff, of the second part. It was agreed that Newell should cause a suit to be brought against Demond for a breach of his agreement to pay the McKeever note that had been held by plaintiff; that he should actively prosecute the same, and that defendant should pay the costs and attorney's fees in the prosecution of such suit, it being the intention that defendant

and Newell should be placed in the legal ownership of such note, to enable them to collect it from Demond. It was further agreed, the judgment, when obtained against Demond, and which would still be secured by the trust deed on the Chicago property, should be assigned to plaintiff, if he desired it to be done, as additional security for the note in suit. It was also agreed plaintiff was not to wait, except at his option, for the payment of the note held by him, until the McKeever note, which he had surrendered to defendant and Newell, should be collected from Demond. Afterwards a suit was commenced by Newell against Demond, on his agreement to pay Newell's notes to McKeever, in a court of competent jurisdiction in Boston, where Demond resided. A compromise was effected with Demond, by which he agreed to give Newell three notes, each for the sum of $1000, made by one Flanders, and secured on property in Boston, on condition he (Demond) should be released from his agreement to pay the McKeever notes, and that the trust deed on the Chicago property should be released, which was done. The other parties holding two of the Newell notes guaranteed by defendant, agreed each to take one of Flanders' notes for $1000, guaranteed by defendant, in full payment of the Newell notes for $2000 each, which were also guaranteed by defendant, and to surrender the latter notes to Newell. The single question presented by this record is, whether plaintiff received one of the Flanders notes, so guaranteed by defendant, on the same terms as did the holders of the other Newell notes. It is obvious this is purely a question of fact, the determination of which is committed by law to other tribunals, and having been determined against defendant as a question of fact in the lower courts, it can not be re-investigated in this court.

The evidence shows one of the Flanders notes for $1000, with the guaranty of defendant written upon it, was sent to plaintiff by Newell, with a request that he would declare his election whether he would accept it, as the other holders of

the Newell notes had done, as full payment of the note in
suit, and as it was retained by him for a number of years,
it is argued, as a question of law, he is estopped now to say
he did not so receive the note, and for that reason defendant
is discharged from his guaranty on the note in suit.  It is
fatal to the position taken that the trial court must have
found, as a question of fact, that plaintiff did not accept one
of the Flanders notes in full payment of the note in suit.
That was one of the issues made by the pleadings and the
evidence, and as to which a trial was had.  The fact having
been found against defendant, so far as any question of law
is concerned, if plaintiff wrongfully retained the Flanders
note, though not accepting it in payment of the note in suit,
the effect would be to subject him to an action for such dam-
ages as defendant or Newell may have suffered from his
wrongful conduct, and nothing more.

It is also insisted, as a matter of law, defendant is dis-
charged from his obligation arising out of his guaranty on
the note in suit for another reason,—that is, by retaining the
Flanders note sent to him, plaintiff, tacitly at least, sanc-
tioned the settlement made with Demond, by which it was
agreed the trust deed on the Chicago property was released,
which defendant was entitled to have stand as indemnity
against loss on his guaranty on the note in suit, unless the
Flanders note was received by plaintiff as actual payment of
the note in controversy.  Two answers may be made to this
view of the case:  First, it does not appear plaintiff knew
any such compromise of the suit against Demond was to be
made, until he was informed it had been done; and second,
as there is evidence tending to show the compromise of the
suit against Demond was made with the knowledge and con-
currence of defendant, it will be understood the trial court
found such was the fact.  That finding was affirmed by the
Appellate Court, which, of course, is conclusive, so far as
this court is concerned.  Conceding, then, as must be done,

the compromise with Demond was made with his consent and approval, defendant can not be heard to insist it was done to his injury, and therefore he is discharged from his obligation as guarantor on the note in suit. Where a party consents to the doing of an act, and which would not have been done but for his assent thereto, the person so assenting will not be permitted to make the doing of it a matter of personal advantage.

Most questions discussed as arising on this record are questions of fact, which this court is not permitted to investigate, and as no error of law is discovered, the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*