### Charles Bogardus v. Phœnix Manufacturing Company.

1. GUARANTY—*when separate instrument construed as a part of.* Where the guaranty executed by the defendant makes special reference to a proposition made by the parties to the original transaction, such proposition will be construed as a part of the contract of guaranty.

2. DECLARATION—*how performance of contract should be alleged.* The performance of a contract should be alleged in a declaration not by way of stating the legal conclusions, but by setting up the facts from which the legal conclusions may be drawn by the court.

Action of assumpsit. Appeal from the Circuit Court of Ford County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the November term, 1904. Reversed and remanded. Opinion filed April 20, 1905.

KERR & LINDLEY and M. H. CLOUD, for appellant.

C. E. BEACH and F. M. THOMPSON, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

By its written proposition, bearing date October 10, 1901, the Phœnix Manufacturing Company, by A. E. White, its salesman, proposed to furnish to one Niels C. Nielson, certain mill machinery and apparatus to be shipped on or before November 1, 1901, to Charles Bogardus at Pellston, Michigan. The price was thereby fixed at $2,620 payable in New York, Chicago or Milwaukee exchange, free of expense to payee for collection charge, one-third in twelve

months, one-third in eighteen months, and balance in twenty-four months from date of shipment, to be evidenced by notes of said Nielson bearing 6 per cent. interest. The proposition was made for immediate acceptance and it was provided that if accepted it should constitute a contract, subject to the approval of the Phœnix Manufacturing Company, at its office in Eau Claire, Wisconsin. The proposition was accepted by Nielson, October 11, 1901. The following contract of guaranty was then executed by appellant, Bogardus:

"PELLSTON, MICH., Oct. 11, 1901.

PHŒNIX MFG. CO., Eau Claire, Wis.

GENTLEMEN : It is understood between Mr. A. E. White, representing you, and myself, that upon the fulfillment of a contract made and entered into on the 10th day of Oct., A. D. 1901, between Niels C. Nielson, of this place, and yourselves, and whereby he is to execute three promissory notes in payment for machinery mentioned in said contract, amounting to $2,620.00, payable as follows : One-third in twelve months, one-third in eighteen months, balance in twenty-four months from date of shipment, with interest at 6 per cent. from said date of shipment, then in that case I will be responsible for said notes as they mature if said Niels C. Nielson shall fail to make such payment; and it is further agreed that said notes or either of said notes, shall be assigned to said Charles Bogardus at any time upon his request, he paying the amount of the principal and interest to that date.

Yours truly,

CHARLES BOGARDUS."

This is a suit in assumpsit by appellee against appellant, to recover upon the said contract of guaranty, the amount due by the terms of a certain note as follows :

"$873.33. PELLSTON, MICH., Nov. 13, 1901.

Twelve months after date, for value received I promise to pay to the order of the Phœnix Manufacturing Co., of Eau Claire, Wis., Eight Hundred Seventy-Three 33-100 dollars, at First State Bank of Petoskey, Mich., with interest at the rate of six per cent. per annum......until paid, and cost of collection and exchange.

Due Nov. 13, 1902. NIELS C. NIELSON."

The declaration alleges that appellee approved the proposition referred to, October 12, 1901, at its office in Eau Claire, Wis., "and on, to wit: the 1st day of November, 1901, furnished and delivered the said articles of machinery as described in said proposition and in conformity with the provisions of said proposition;" that on the 13th day of November, 1901, the said Nielson received said machinery and executed his three promissory notes, bearing date November 13, 1901, each for the sum of $873.33, payable to appellee at First State Bank, Petoskey, Mich., in twelve, eighteen and twenty-four months, respectively, after date, with interest at the rate of 6 per cent. per annum.

Appellant interposed a general and special demurrer to the declaration, which was overruled by the court, and appellant electing to abide by his demurrer, judgment was rendered against him for $999.95, being the amount due upon the first note mentioned in the declaration.

The guaranty contract executed by appellant, makes special reference to the proposition made by appellee to Nielson, which became a binding contract between the parties to it, and the two contracts must be taken and construed together. Bartlett v. Wheeler, 195 Ill. 445. A liability upon the part of appellant to appellee, under the guaranty contract, could only accrue for the default of Nielson, upon a substantial compliance by appellee with the provisions of its contract with Nielson. Some of the provisions of the latter contract were beneficial to appellant, and doubtless the consideration in part which moved him to execute the guaranty contract. The liability of a guarantor, while not to be limited by implication beyond the terms of the contract (Taussig v. Reid, 145 Ill. 488; Mamerow v. National Lead Co., 206 Ill. 626), is not to be extended by implication beyond its terms. Shreffler v. Nadelhoffer, 133 Ill. 536; Tolman Co. v. Rice, 164 Ill. 255.

The guaranty contract, by its terms, became effective upon the fulfillment by appellee of its contract with Nielson. It was provided in the latter contract that the machines should be shipped to appellant at Pellston, Michigan,

on or before November 1, 1901, and that the notes to be executed by Nielson should be payable in twelve, eighteen and twenty-four months from date of shipment. The declaration alleges that appellee " On to-wit, the 1st day of November, 1901, furnished and delivered the said articles of machinery as described in said proposition and in conformity with the provisions of said proposition." In pleadings, facts only should be stated and tendered as issues, and not inferences, conclusions or matters of law. The construction of the contract was a question of law for the court, and the allegation in the declaration above quoted is the mere conclusion of the pleader and tenders an issue of law and not of fact. The declaration should set forth the acts alleged to be in conformity with the provisions of the contract.

Appellant, by the terms of the contract, guaranteed the payment of certain notes to be executed by Nielson, and made payable twelve, eighteen and twenty-four months from date of the shipment of the machinery. The contract between appellee and Nielson provided for the shipment of the machinery on or before November 1, 1901, and that the notes to be executed by Nielson should be made payable in twelve, eighteen and twenty-four months from date of shipment. The note described in the declaration, the payment of which Nielson is alleged to have defaulted, and for which appellant is sought to be held liable, was made payable twelve months from November 13, 1901, thirteen days later than the note, payment of which appellant guaranteed by the terms of his guaranty contract, and is not sufficiently identified, to bind appellant under his contract of guaranty.

Other objections are urged to the sufficiency of the declaration, but we do not regard them of sufficient importance to justify further discussion. For the reasons given, the demurrer to the declaration should have been sustained. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*