### Charles Bogardus v. Phœnix Manufacturing Company.

1. GUARANTOR—*when estopped to urge deviation in original undertaking.* Where the guarantor has participated in a course of dealing contrary to the original undertaking, he thereby waives his right to insist upon a strict performance of the original undertaking.

2. GUARANTOR—*what not substantial departure in original undertaking.* A guarantor is not released by deviation in the original undertaking which consists in a change of the place of payment from one state to another where no prejudice could result.

3. DECLARATION—*what rejected as surplusage.* Where a declaration states a cause of action, an immaterial averment will be rejected as surplusage.

Assumpsit. Appeal from the Circuit Court of Ford county; the

Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

M. H. CLOUD and KERR & LINDLEY, for appellant.

C. E. BEACH and F. M. THOMPSON, for appellee; BUNDY & WILCOX, of counsel.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

The Phœnix Manufacturing Company instituted suit against Charles Bogardus in the Circuit Court of Ford county, to recover upon a guaranty in writing, executed by said Bogardus, by the terms of which it is claimed he obligated himself to' pay notes made by one Neils C. Neilson to said Phœnix Manufacturing Co., upon default therein by Neilson. Demurrer was interposed by Bogardus to an amended declaration, which was overruled. Bogardus elected to abide by his demurrer, whereupon the trial court rendered judgment against him in the sum of $2,245.05, from which he has prosecuted an appeal.

The written guaranty upon which appellant's liability is asserted is set forth in full in Bogardus v. Phœnix Manufacturing Co., 120 Ill. App. 46, and, therefore, need not be here repeated. The declaration then under consideration was held to be defective, the judgment reversed and the cause remanded. The question now presented is whether or not the amended declaration, herein involved, states such a cause of action that the judgment upon it should be sustained.

In such amended declaration it is alleged, in substance, that appellee, on the tenth day of October, 1901, proposed in writing, through its salesman, A. E. White, to furnish to one Neils C. Neilson, of Pellston, Michigan, certain saw mill machinery, a part to be delivered f. o. b. at Indianapolis, Indiana, a part f. o. b. Eau Claire, Wisconsin, and the remainder, f. o. b. Chicago, Illinois, all to be shipped on or before November 1, 1901, to said Charles Bogardus, appellant, Pells-

ton, Michigan, for the sum of $2,620, payable in New York, Chicago or Milwaukee exchange, free of expense to appellee, one-third to be due in twelve months, one-third in eighteen months and the balance in twenty-four months from date of shipment, to be witnessed by the notes of said Neilson in equal amounts bearing six per cent. interest; that this proposition was accepted by said Neilson on the eleventh day of October, 1901; that in consideration that appellee would approve said proposition and furnish such machinery as proposed by said salesman and would accept the notes of Neilson therefor, the said appellant executed and delivered to appellee the written guarantee hereinbefore referred to, agreeing that if said Neilson should fail to make the payments provided for in said notes, he, appellant, would be responsible therefor to appellee; that in consideration of such guaranty so made by appellant, appellee on the 12th day of October, 1901, approved of the sale and entered into the performance of the contract; that on or before November 1, 1901, appellee furnished f. o. b. cars at Indianapolis and Chicago, part of the mill machinery so specified, and shipped the same to appellant at Pellston, Michigan; that on the 13th day of November, 1901, appellee furnished and delivered f. o. b. cars at Eau Claire, Wisconsin, the remainder of such mill machinery, shipped and consigned to said appellant at Pellston; that the carrier at Eau Claire refused to convey such machinery unless the freight thereon was prepaid, and appellee thereupon prepaid said freight charges to Pellston; that appellant, with knowledge that said articles to be so shipped from Eau Claire had not been shipped on or before November 1, 1901, on the ninth day of November, 1901, instructed and directed, in writing, shipment thereof to be made; that upon the arrival of the articles so shipped from Eau Claire, at Pellston, the appellant accepted said articles from the carrier and paid the freight thereon that had been so prepaid by appellee.

The amended declaration further charged that all the articles so furnished were constructed of good material and were made in workmanlike manner as required, and were shipped in good order; that on the thirteenth day of November, 1901, said Neilson executed and delivered to appellee his three promissory notes, each for $873.33, payable to appellee at the First State Bank of Petoskey, Michigan, at six per cent. interest, due, respectively, in twelve, eighteen and twenty-four months after their date, which said notes were submitted by said salesman, A. E. White, to appellant, who directed the signing and delivery thereof by Neilson to appellee; that Neilson defaulted in the payment of said notes, wherefore it was claimed that appellant was liable upon his guaranty to appellee, etc.

The declaration under consideration when the former cause was before this court, reported in 120 Ill. App., *supra,* was held to be insufficient upon the ground that the contract provided that the machinery should be shipped on or before November 1, 1901, and that the notes to be given by Neilson should be payable in twelve, eighteen and twenty-four months from date of shipment; that the note upon which appellant's liability as guarantor was alleged, was dated November 13, 1901, thirteen days later than the one in which he had agreed to be responsible and that there was no allegation of fact in the declaration connecting the guaranty of appellant with the note sued upon. The question now made is whether or not by the amended declaration that objection has been overcome and appellant so far connected with the completion of the transaction that he is liable upon his written guaranty.

The amended declaration, in our judgment, states a good cause of action against appellant. In it, it is averred that on the ninth day of November, 1901, nine days after the machinery was to be shipped under the terms of the contract, appellant directed in writing that such shipment from Eau Claire should be made;

that upon the arrival of such machinery at Pellston, appellant accepted the same from the common carrier and paid to appellee the freight which it had prepaid on the shipment from Eau Claire. Notwithstanding these averments, appellant contends that the variance of thirteen days in point of date and maturity is sufficient to discharge him and bases that contention on the ground that the liability of a guarantor cannot be extended by implication. This doctrine, however, can have no application here, since appellant's conduct in connection with the acts which constitute the variance were such as to estop him from taking advantage of such variance. If appellant had done nothing, himself, after November 1, 1901, either to further or complete the transaction, his position would be tenable, but as he directed, in writing, the shipment of a part of the machinery several days after the time first fixed for its delivery, accepted the machinery upon its arrival at Pellston, and repaid to appellee the freight prepaid upon a part thereof, he must be held estopped from denying the regularity of the delivery and to have waived his right to insist upon the specific time of performance. Eyster v. Parrott, 83 Ill. 517; Moline Malleable Iron Co. v. McDonald, 38 Ill. App. 589; Brown v. Abbott, 110 Ill. 162.

Appellant next contends that he, as a guarantor, is released because the notes given by Neilson to appellee were made payable at the First State Bank of Petoskey, Michigan, instead of payable in New York, Chicago or Milwaukee exchange, as provided for in the original proposition. The variance, however, is not of a substantial nature and is not of such a character as to defeat a guaranty under the circumstances alleged. By the terms of appellant's guaranty he was to become responsible for the notes as they matured if Neilson failed to make payment. The evident purpose of appellant in that clause of the guaranty was that he, appellant, in case of default by Neilson, could have the notes assigned to himself and

Bogardus v. Phœnix Mfg. Co.

bring suit in his own name. This purpose could have been accomplished as well upon the notes as drawn, as upon notes payable in New York or Chicago exchange.

Appellant next argues that the amended declaration is faulty in that it contains a verbal promise upon the part of appellant to extend the original guaranty counted upon. That much of the declaration as relates to the submission of the notes by White to appellant, and the directing of Neilson by appellant to execute them, should be treated as surplusage. Knoebel v. Kircher, 33 Ill. 308. The declaration states a complete cause of action without such averment and the demurrer thereto was properly overruled.

The judgment was right and is affirmed.

*Affirmed.*

Appellant's motion to tax the cost of the blue print to appellee is allowed.