THE PHŒNIX MANUFACTURING COMPANY, Appellee, *vs.*
CHARLES BOGARDUS, Appellant.

*Opinion filed December 17, 1907.*

1. GUARANTY—*contract of guarantor is strictly construed.* The
undertaking of a guarantor, like that of a surety, is to be strictly
construed, and his liability is not to be extended by construction.

2. SAME—*when a guarantor is estopped to deny liability.* One
who guarantees the payment of notes in consideration of the per-
formance by the payee of its contract to ship certain machinery to
the maker of the notes by a certain date, is estopped to deny liabil-
ity upon the ground that part of the machinery was not shipped at
that time, where, knowing of the delay, he directed the shipment to
be made later, received and accepted the machinery and directed
the execution and delivery of the notes. (*Knoebel* v. *Kircher,* 33
Ill. 308, followed.)

3. SAME—*when guarantor is estopped to claim that notes did not
conform to contract.* A guarantor of notes will not be permitted
to deny liability upon the ground that the notes were not made pay-
able in New York, Chicago or Milwaukee exchange, free of the
expense of collection, as claimed by him to have been agreed upon
in the contract, where the notes were submitted to him before they
were signed and he directed the maker to sign and deliver them.

APPEAL from the Appellate Court for the Third Dis-
trict;—heard in that court on appeal from the Circuit Court
of Ford county; the Hon. T. M. HARRIS, Judge, presiding.

M. H. CLOUD, and KERR & LINDLEY, for appellant.

C. E. BEACH, and F. M. THOMPSON, (BUNDY & WIL-
COX, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was an action of assumpsit brought by appellee,
against appellant, as guarantor of certain notes executed by
Niels C. Nielson, of Pellston, Michigan, payable to appellee.

On the 10th of October, 1901, appellee made a proposi-
tion, in writing, to sell Niels C. Nielson certain mill machin-

ery for $2620, part of it f. o. b. cars Indianapolis, Indiana, part of it f. o. b. cars Chicago, Illinois, and part of it f. o. b. cars Eau Claire, Wisconsin, to be paid for in three equal installments, in twelve, eighteen and twenty-four months from the date of shipment, Nielson to execute notes for said payments, bearing six per cent interest. It was proposed by appellee in its said written proposition to ship said machinery to appellant at Pellston, Michigan, on or before November 1, 1901. This proposition was accepted by Nielson and became a contract between him and appellee. On the 11th of October, 1901, appellant gave to appellee the following writing, which is the guaranty sued on:

"PELLSTON, MICH., *Oct. 11, 1901.*
*"Phœnix Manufacturing Co., Eau Claire, Wis.*

"GENTLEMEN—It is understood between Mr. A. E. White, representing you, and myself, that upon the fulfillment of a contract made and entered into on the tenth day of October, A. D. 1901, between Niels C. Nielson, of this place, and yourselves, whereby he is to execute three promissory notes in payment for machinery mentioned in said contract, amounting to $2620, payable as follows: One-third in twelve months, one-third in eighteen months, balance in twenty-four months from date of shipment, with interest at six per cent from said date of shipment, then in that case I will be responsible for said notes as they mature if said Niels C. Nielsen shall fail to make such payment; and it is further agreed that said notes, or either of said notes, shall be assigned to said Charles Bogardus at any time upon his request, he paying the amount of the principal and interest to that date.     "Truly yours,
CHAS. BOGARDUS."

It appears that the machinery to be shipped from Eau Claire was not shipped until November 13, and the notes agreed to be given by Nielson were executed on that date. The first note not being paid at maturity, appellee sued appellant upon his guaranty to recover the amount due upon said note. Appellant demurred to the declaration, and upon his demurrer being overruled abode thereby, and judgment was rendered against him for the amount due upon said note. From that judgment he prosecuted an appeal to the

Appellate Court for the Third District. That court held the trial court erred in overruling the demurrer, and reversed the judgment and remanded the cause. (*Bogardus* v. *Phœnix Manf. Co.* 120 Ill. App. 46.) During the pendency of that suit the other two notes given by Nielson to appellee matured and suit was brought against appellant to recover the amount due on them also. After the case that had been taken by appeal to the Appellate Court had been remanded and re-instated on the docket in the trial court, an amended declaration was filed by appellee in that case and a similar declaration in the second suit. Appellant demurred generally and specially to both declarations, both demurrers were overruled, and he electing to abide thereby, judgments were rendered against him, in favor of the appellee, for the amount due on the said three notes. From those judgments he prosecuted an appeal to the Appellate Court. That court affirmed the judgments, and a further appeal is prosecuted to this court.

The two cases being precisely the same, except that the first suit was brought to recover the amount due on one note and the second suit the amount due on two notes, by agreement of the parties briefs and abstracts have been filed in one case only, and are to be considered as applying to both cases.

The appellant contends that the notes he guaranteed the payment of, were to be executed when the machinery was shipped, and that the contract between appellee and Nielson was that said machinery should be shipped on or before the first day of November, 1901, and as a part of it was not shipped until November 13, and the notes given therefor being executed on that day, no recovery can be had on his contract of guaranty.

The declaration is a voluminous document, covering, with its exhibits, thirty pages of the abstract, and we shall only refer to such portions of it as seem to us necessary for the determination of the questions involved.

After setting out the contract between appellee and Niel-son the declaration avers that in consideration of the appel-lee furnishing the machinery and accepting Nielson's notes therefor, the appellant made the writing heretofore set out guaranteeing the payment of said notes; that in considera-tion of said promise and guaranty of appellant, appellee, on or before November 1, 1901, furnished and shipped f. o. b. cars at Indianapolis and Chicago, to appellant at Pellston, Michigan, the machinery agreed to be shipped from those places. The declaration further avers that appellant, know-ing the machinery to be shipped from Eau Claire, Wis-consin, had not been shipped on or before November 1, by instructions to appellee, in writing, November 9, 1901, di-rected shipment of the said machinery; that the common carrier refused to ship said machinery from Eau Claire un-less the freight was pre-paid; that the appellee pre-paid the same and shipped the machinery to the appellant at Pellston, Michigan; that the appellant received and accepted said ma-chinery and re-paid to appellee the freight paid for carrying the same. The declaration further avers that after the ma-chinery had been received by the appellant, Nielson executed and delivered to the appellee, November 13, 1901, his three notes payable to appellee at the First State Bank, Petosky, Michigan; that said notes were submitted to appellant by appellee; that appellant directed Nielson to sign and deliver them, and promised appellee to extend the contract of guar-anty to said notes as executed and delivered.

The law is well settled that the undertaking of a surety is to be strictly construed and his liability not to be extended by construction. The liability of guarantors is governed by the same rules. (*Tolman Co.* v. *Rice,* 164 Ill. 255.) If there were no averment in the declaration that the shipment of a portion of the machinery later than November 1, and the execution of the notes after that date, were ordered, di-rected and acquiesced in by appellant, it might be obnoxious to demurrer. The contract between appellee and Nielson

required the machinery to be shipped to appellant at Pellston, Michigan, on or before November 1. The declaration avers that all of it was so shipped except the portion that was to be shipped from Eau Claire. The allegations of the declaration, which are admitted by the demurrer to be true, are, that appellant knew the shipment from Eau Claire was not made on or before November 1, and that on the ninth of said month he instructed appellee, in writing, to ship said machinery. This, according to the averment of the declaration, appellee did, consigning it to appellant. By the terms of the contract between appellee and Nielson appellee was not to pay the freight, but the declaration avers that the common carrier refused to carry the machinery from Eau Claire without the pre-payment of the freight charges and they were pre-paid by appellee. Appellant received the machinery and directed the execution of the notes by Nielson and their delivery to appellee. It thus appears that appellant, with knowledge that the machinery had not been shipped and the notes executed within the time provided in the contract between appellee and Nielson, requested appellee to deliver the machinery to him and directed Nielson to execute the notes therefor, and that, in accordance with his directions and request, the machinery was shipped to him and accepted and the notes executed by Nielson delivered to and accepted by appellee. By the averments of the declaration it appears that appellant was as much, if not more, responsible for the departure from the strict letter of the contract as to the time in which the machinery was to be shipped and the notes executed than any one else. If he induced appellee to part with its property and accept Nielson's notes, as averred in the declaration, he is estopped now from denying liability. (*Longfellow* v. *Moore*, 102 Ill. 289.) As the contract required the machinery to be shipped to appellant, which the declaration avers was done, it is evident that he had the matter of protecting himself against loss by reason of his guaranty in his own hands, to the same extent he would

have had if the machinery had been shipped and the notes executed on or before November 1. The transaction having been completed, at his request, thirteen days later than the time specified in the contract, he cannot now be heard to deny his liability on account of the delay in shipping the machinery and executing the notes.

We think *Knoebel* v. *Kircher,* 33 Ill. 308, conclusive of this case. In that case George Bressler and Charles Fischer gave their note to Kircher for $1500, payable twelve months after date. Its payment was guaranteed by Jacob Knoebel. Afterwards, upon a settlement of some business matters between Bressler and Fischer, it was agreed between them that Fischer should not be liable for the payment of the note, and that if they could do so they would procure his name to be erased therefrom. Bressler and Fischer went together to Knoebel, the guarantor, stated their agreement and wishes that Fischer's name should be erased from the note, and he consented and agreed that it might be done. Bressler then went to Kircher, informed him of the agreement between himself, Fischer and Knoebel, and thereupon Kircher erased Fischer's name from the note. Afterwards Kircher sued Knoebel as guarantor, and Knoebel interposed as a defense that the erasure of Fischer's name from the note rendered it a new contract and that he was not liable by reason of his guaranty. The court said (p. 315) : "The law requires of every man circumspection and good faith when he makes declarations upon which he knows others may act to their prejudice; and appellant was not at liberty, by his declarations, to induce appellee to believe that he consented to Fischer's discharge when he must have known that such belief would influence the conduct of appellee, if he was not willing the belief thus created should be acted upon. He ought not now to be permitted to assert that his own deliberate declarations were not a sufficient authority for action, to the injury of those who, under such circumstances, acted upon them in good faith. Estoppels *in pais* are to prevent

injuries from acts and representations which have been acted upon." The principles announced in that case are sustained by *Brown* v. *Abbott,* 110 Ill. 162, *Smith* v. *Newton,* 38 id. 230, and *Eyster* v. *Parrott,* 83 id. 517.

It is further contended by appellant that the demurrer should have been sustained to the declaration for the reason that it declares upon two contracts, namely, the written contract of guaranty above set out, and a verbal promise made at the time the notes were delivered and executed. We do not so understand the averments of the declaration. After setting out, as we have before stated, the circumstances under which the machinery was delivered and the notes executed, the declaration averred that appellant then and there promised appellee to extend the guaranty to the notes so executed and delivered. This was mere recital, and a similar averment in the declaration in *Knoebel* v. *Kircher, supra,* was held to be surplusage. Appellant's liability did not depend upon this express promise.

It is further contended by appellant that as by the terms of the contract between appellee and Nielson the notes were to be payable in New York, Chicago or Milwaukee exchange, free of expense for collection, and as the notes declared on were made payable at the First State Bank, Petosky, Michigan, and contained nothing with reference to exchange or collection expenses, the demurrer should have been sustained. The declaration averred that the notes were submitted to appellant by appellee and that appellant directed Nielson to sign and deliver them. He cannot, therefore, be heard to say that he was injured thereby.

We are of opinion the demurrer to the declaration was properly overruled, and the judgment of the Appellate Court is affirmed.                    *Judgment affirmed.*