American Credit & Trust Co. v. Witz, 186 Ill. App. 184.

---

## American Credit & Trust Company, Plaintiff in Error, v. Robert Witz et al., Defendants in Error.

## Gen. No. 19,139.

1. GUARANTY, § 9*—*construction.* A guarantor's obligation is strictly construed in Illinois.

2. GUARANTY, § 12*—*contract construed as to liability of guarantors for performance of a contract.* Where a contract guaranties the performance by a certain company of its agreement on the reverse side of the guaranty or any other instrument executed in pursuance thereof, and there was an agreement on the reverse side of the guaranty in which it was agreed that said company should assign certain accounts receivable to the plaintiff with certain conditions in no one of which the company agreed to be liable for their payment and there was another and separate document by which the company formally assigned the accounts receivable and guarantied their payment, *held* that the guarantors were not liable on their guaranty for the payments of the accounts, that the assignment agreement did not require payment by the company, and that the company's guaranty agreement could not be construed to have been executed in pursuance of the agreement.

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed May 4, 1914. Rehearing denied.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

Frank Schoenfeld, for plaintiff in error.

Samuels & Samuels, for defendants in error.

Mr. Justice Brown delivered the opinion of the court.

The Municipal Court of Chicago dismissed a suit brought in that court by the plaintiff in error against the defendants in error, with "judgment as in case of nonsuit" and for costs. The dismissal was on motion of defendants and was ordered, we shall assume from the course of procedure and the arguments before us, because the court did not consider that the "statement of claim" stated a cause of action. We do not think it did. The claim is that the defendants executed and delivered to the plaintiff a contract of guaranty as follows:

"In consideration of the sum of one ($1.00) dollar and other valuable considerations paid by American Credit and Trust Company to each of the undersigned, receipt of which is hereby acknowledged, they and each of them do hereby jointly and severally *guarantee to American Credit and Trust Company, its successors or assigns, the full, prompt and faithful payment, performance and discharge by The Wi-Ko Electric Company of each of the provisions and conditions of the agreement on reverse side hereof, or any other instrument given or executed in pursuance thereof.*

The undersigned hereby jointly and severally waive all notice of default by first party, and waive notice of acceptance of this guaranty by American Credit & Trust Company, its successors or assigns.

In Witness Whereof, we have hereunto set our hands and seals this fourth day of August, A. D. 1911.

Robert Witz.        (Seal)
S. Korf.            (Seal)
A. D. Anscher.      (Seal)";

and that by virtue of this contract of guaranty the defendants became and were liable to the plaintiff for the full face value of each and every of certain accounts receivable by the Wi-Ko Electric Company, which are

set forth; that each and every of the accounts receivable aforesaid are due and unpaid to the plaintiff, although the time of payment has long since elapsed; and that there is in the possession of the plaintiff applicable to the payment of accounts receivable aforesaid the sum of $245.14, leaving a balance due and owing to the plaintiff of $218.71, for which it brings suit.

(The italics in the contract of guaranty are ours.)

It is manifest that the only question for us to decide is whether by virtue of the contract of guaranty the defendants did become liable for the amount of the unpaid accounts receivable mentioned. This depends as manifestly on what the Wi-Ko Electric Company undertook and promised to do by "an agreement on the reverse side" of the guaranty, or by "any other instrument given or executed *in pursuance of*" an agreement on the reverse side of the guaranty. The agreement on the reverse side of the guaranty is incorporated in the "statement of claim." It is signed by the Wi-Ko Electric Company by Robert Witz, president, and by the American Credit & Trust Company by its president. It recites that the Wi-Ko Electric Company is desirous of selling to the American Credit & Trust Company certain "Accounts Receivable," and that the Trust Company agrees to buy them at a certain discount and on certain terms of payment. The things which the Wi-Ko Electric Company agrees to do are: (a) To pay the Trust Company all expenses and attorney's fees incurred by said Trust Company in and about the collection of any account in default. (b) To assign and set over to the Trust Company such accounts as are purchased by it, to the end that the Trust Company shall become subrogated to all of the rights possessed by first party in respect thereto. (c) To make entries upon its books disclosing the sale to the Trust Company of the accounts purchased and allow the Trust Company inspection of all records pertaining thereto at all times. (d) To furnish the Trust Company once every year statements concerning the

financial responsibility of the Wi-Ko Company.  As no one of these things includes the payment by the Wi-Ko Company or even the guaranty by the Wi-Ko Company of the "Accounts Receivable" which it is to sell, it is clear that the defendants are not liable to the plaintiff on their guaranty for "the full face value" of any accounts receivable, by virtue of anything which the Wi-Ko Electric Company undertook to do by the "agreement on the reverse side" of the guaranty.

The only question remaining, therefore, is whether they are so liable by virtue of what the Wi-Ko Company has agreed to do by any other instrument given or executed *in pursuance* of the agreement on the reverse side of the guaranty.

This the plaintiff answers with a certain plausibility in the affirmative, but we cannot assent to his conclusion.  Incorporated in the statement of claim is a list of the certain accounts receivable, for the full face value of which the plaintiff says the defendants are liable because they are due and unpaid, and certain written and printed assignments to the Trust Company signed by the Wi-Ko Company of these with other accounts.  Various recitals and guaranties concerning their nature and condition follow the words of assignment, and the concluding printed words of the document are:

"In consideration of the premises aforesaid and the further sum of one dollar to the undersigned heretofore paid, the undersigned hereby guarantees the payment in full to American Credit and Trust Company, its successor or assigns, of the above named contracts and open accounts in accordance with the terms indicated and appearing thereon."

Although this guaranty by the Wi-Ko Electric Company appears in and as a part of a paper which is undoubtedly, so far as the portion which assigns the accounts receivable, "in pursuance of" the agreement on the reverse of defendants' guaranty, we do not think that so far as this "guaranty of payment" goes, it is

''an instrument given or executed in such pursuance.'' The guaranty of payment is entirely collateral to the assignment and not necessary to it or to any of the stipulations on the reverse of the defendants' guaranty.

If this provision is to be reckoned as covered by the defendants' guaranty, so might any other promise, bond or obligation, however disconnected with the assignment of the account, if only it were incorporated with it.

The defendants Anscher and Korf, who were the only persons served and appearing below, were no parties to this instrument, and cannot be supposed to know of its collateral provisions.

A guarantor's obligation is strictly construed in Illinois. *Tolman Co. v. Rice,* 164 Ill. 255; *Phoenix Mfg. Co. v. Bogardus,* 231 Ill. 528.

The judgment of the Municipal Court is affirmed.

*Affirmed.*