## James W. Hughes *et al.*

### *v.*

## The People, for use, etc.

1. CONSTITUTION—*construed as to meaning of county board.* The words "county board," as used in the State constitution, and required to fix the compensation of county officers, mean the body of persons to whom is entrusted the transaction of county business, and the term embraces as well county courts, as boards of supervisors and courts of county commissioners.

2. OFFICER—*sheriff and collector but one officer.* The office of sheriff and collector, in counties not under township organization, are not separate and distinct offices, and, therefore, when the county court fixes the compensation of the sheriff, he can not receive more than such sum by virtue of his also being collector.

3. SAME—*perquisite above commission.* If a sheriff receives money as commissions on tax money deposited by him in a bank, it is a perquisite derived from his office, and he can not retain the same in addition to the compensation allowed him by the county board.

4. OFFICIAL BONDS—*as sheriff and collector—upon which liable.* Where a sheriff, in a county not under township organization, becomes liable for money received by him from a bank as compensation for deposits he made therein of moneys which came to his hands as sheriff, it is proper to sue upon his bond given as sheriff—not upon the additional bond the sheriff is required to give as collector of taxes.

5. JUDGMENT—*date, when of no importance.* Where a writ of inquiry on a judgment *nil dicit* is, by consent, executed by the judge, in vacation, without a jury, it is of no importance that the finding and judgment bear no date, where there are no intervening liens claimed.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. WILDERMAN & HAMILL, for the plaintiffs in error.

Messrs. C. W. & E. L. THOMAS, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was debt, in the St. Clair circuit court, on a sheriff's bond, against the principal and his sureties.

The penalty of the bond was ten thousand dollars, and various breaches of the condition thereof assigned in the declaration, to which, and to each of them, there was a demurrer.

On overruling the demurrer, the court rendered judgment for the penalty, and awarded a writ of inquiry to assess the damages in vacation.

After notice to defendants, the judge, in vacation, a jury being waived, assessed the damages at ten thousand dollars, and rendered judgment for ten thousand dollars, the debt in the declaration mentioned, to be discharged on the payment of ten thousand dollars, the damages assessed, and costs of suit.

The most important questions raised by the demurrer have been settled by this court, in *Broadwell et al.* v. *The County of Morgan*, 76 Ill. 554, and in *Kilgore* v. *The People*, ib. 548.

In the first cited case, it was held, in construing the term "county board," as used in section 10 of article 10 of the constitution of 1870, that it was not to be confined to any one particular body of persons. The power given to the county

board to fix the compensation of county officers, belongs to the body to which is entrusted the transaction of the county business, and embraces as well county courts as boards of supervisors and courts of county commissioners.

In the other case, *Kilgore* v. *The People*, the point was settled that in counties under township organization, the offices of treasurer and collector are not distinct and separate offices, by analogy to the case of *Wood et al.* v. *Cook*, 31 Ill. 271, which holds that the office of sheriff and collector, in counties not under township organization, are not separate and distinct offices.

It follows, therefore, when the county court of St. Clair county fixed the compensation of appellant at three thousand dollars per annum, and two thousand five hundred dollars additional for clerk hire, to the total of these amounts was appellant entitled. He could claim nothing beyond them, and all sums beyond that total were payable into the treasury of the county.

It appears, appellant received from a banking institution the sum of twenty-five hundred dollars, as compensation for the deposits he made therein of moneys which came to his hands as sheriff, and it is claimed by him he is not accountable for this sum to the county.

The money was received by him as a perquisite or emolument of his office as sheriff—this is not questioned. The statute on this subject leaves the point free from doubt. Section 52 of the act of 1872, title " Fees and Salaries," provides as follows: "All fees, perquisites and emoluments received by said county officers, above the amount of compensation fixed by the county board, and clerk hire and other necessary expenses, shall be paid into the county treasury." R. S. 1874, p. 522, chap. 53.

This being a perquisite or emolument acquired by official position, should be accounted for to the county.

A point is made by appellant, that the action is not brought on the proper bond—that it should have been brought on the additional bond the sheriff is required to give as collector of

the taxes. Did it appear in this record that these moneys charged against appellants were moneys derived from taxes, the point might be deemed well taken. But there is nothing showing this, *non constat* there were fees for serving process and the performance of other duties, strictly belonging to the office of sheriff.

As to the point that the judgment is wrong, it failing to show on what day it was rendered, it is of no importance, as no question of intervening liens is involved.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*