# JAMES T. COOPER *et al.*

## *v.*

# THE PEOPLE, for the use of Madison County.

1.  SURETY—*liability construed strictly.* The undertaking of a surety is to be construed strictly, and he is bound to the extent, and in the manner, and under the circumstances pointed out in his obligation, and no further. This rule applies to sureties on official bonds.

2.  SAME—*where sheriff is ex officio collector—what sureties are liable for revenue collected.* The sureties on a sheriff's bond are not liable for the failure of the sheriff, as *ex officio* collector, to pay into the county treasury the commissions retained by him out of the revenue for collecting it, in excess of the amount to which he is entitled as compensation under the allowance of the county board, but the sureties on his bond as collector are liable.

3.  FEES AND SALARIES—*collector's commissions above his allowance to be paid into county treasury.* Where the sheriff has received from other sources the amount of his compensation as fixed by the county board, it is his duty, as collector, to pay over his commissions for collecting the revenue to the county treasurer, and his bond as such is not satisfied until he does.

APPEAL from the Circuit Court of Macoupin county; the Hon. CHARLES S. ZANE, Judge, presiding.

Messrs. BAKER, WISE, GILLESPIE & HAPPY, for the appellants.

Mr. E. BREESE GLASS, and Messrs. KROME & HADLEY, for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

It will be necessary to notice but a single question arising on this record. The suit is upon the bond given by the sheriff to secure the performance of his duties, generally, as sheriff. The ground upon which a recovery is claimed, is, the failure of the sheriff to pay into the county treasury the commissions retained by him out of the revenue for collecting it, in excess of the amount to which he is entitled as compensation under the allowance of the county board. The rule is of familiar

27—85TH ILL.

recognition in this court, that the undertaking of a surety is to be construed strictly, and that he is bound to the extent, and in the manner, and under the circumstances pointed out in his obligation, and no farther. The provisions of the statute under which the bond in suit was executed relate entirely to the duties usually pertaining to the office of sheriff, and have not the slightest reference to the *ex officio* duties of collecting and paying over revenue. Those duties were imposed by different sections of the statute, and an additional and totally distinct bond was required for their faithful performance.

There can be no question but that each bond relates to distinct and independent duties from the other, and, consequently, that the sureties upon the one could not have contemplated they were incurring the same liabilities as the sureties upon the other. This was expressly recognized to be the law in *Wood et al.* v. *Cook*, 31 Ill. 279. There, referring to *The People* v. *Edwards*, 9 California, 291, it was said: "By the law of California, the sheriff is made, *ex officio*, tax collector, and it provides that he shall be liable on his bond for the discharge of his duties in the collection of taxes, and does not require the execution of any new bond; nor is any other bond required than the one executed by him as sheriff, except when he acts as collector of taxes for miners' licenses. The bond in suit was deemed to have been executed in view of the provisions of the Revenue act. For moneys collected for foreign miners' licenses, the court say the defendants are not responsible, but all delinquencies in the collection of the other taxes are covered by the bond in suit. This court would decide the same way, were the sureties of the sheriff on his bond, as such, sued for his delinquency in not paying over the taxes. They would not be responsible because of the special bond he has given to cover such delinquency."

No distinction can be drawn respecting the taxes collected, because of the purpose to which they are improperly diverted by him. All taxes are collected and held by the sheriff because he is *ex officio* tax collector. His duty, guaranteed by his

bond as collector, is to pay them out in conformity with law. The law requires he shall pay over all, except the amount he is entitled to retain as commissions; and, in the present instance, not being entitled to retain commissions, the law requires that he shall pay over the amount authorized to be deducted from the revenue collected, for that purpose, to the county treasury. His *ex officio* duties as collector are not discharged, and hence his bond as such is not satisfied, until he has accounted, as the law directs, for every dollar received in the exercise of those duties.

This would hardly seem to be an open question in this court. In *Kilgore* v. *The People*, 76 Ill. 548, the suit was against the *county treasurer* on his bond *as collector*, and in *Broadwell et al.* v. *The People*, 76 Ill. 554, the suit was against the *sheriff* on his bond *as collector*. In both cases, the ground of action was precisely the same as it is here, the recovery by the county of moneys improperly retained as commissions for collecting the revenue, the parties being otherwise compensated for those services. Those suits were sustained as being properly brought, and, this being established, proves that the present suit is upon the wrong bond. In *Hughes et al.* v. *The People*, 82 Ill. 78, suit was brought to recover the amount of moneys received by the sheriff, in excess of his fees, from a banking institution, as a compensation for the deposits he made therein of moneys which came to his hands as sheriff. The suit was upon the bond given for the performance of the duties of sheriff, generally, as it is here, and the objection was made that it should have been upon his bond given as collector; but it was overruled upon the express ground that it did not appear the funds the sheriff had retained were moneys derived from taxes; and it was said: "Did it appear in this record that these moneys charged against appellants were moneys derived from taxes, the point might be deemed well taken." Here it does appear that "the moneys charged against appellants were moneys derived from taxes."

Our conclusion is, the payment into the county treasury of moneys retained by the sheriff out of revenues by him col-

lected by virtue of his *ex officio* duties, whether retained as commissions for collecting, or otherwise, was not within the contemplation of the parties in executing the bond in suit; and that, to recover for a default in that regard, the suit should be upon his bond as collector.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*