## The John A. Tolman Company v. Edward B. Clements and Edwin Pettis.

*Guaranty—Release of sureties*

1. The liability of the defendants upon the guaranty set forth in the opinion is held to have been properly limited to the amount due from the party for whom it was given at the end of the year's employment provided for in the agreement referred to in the guaranty.

2. The mere re-employment of said party, and giving him an opportunity to make up the deficit for which the defendants were liable, did not operate to release them from such liability.

3. The defendants having in their guaranty agreed to accept as final and correct a verified statement of the account between the plaintiff and the party for whom the guaranty was given, as kept on plaintiff's regular books, they could not impeach an item on account of losses, a portion of which the party had agreed in his contract with the plaintiff to bear.

Error to Kent. (Grove, J.) Argued October 24, 1893. Decided December 4, 1893.

*Assumpsit.*   Both parties bring error.   Affirmed.   The facts are stated in the opinion.

*Fletcher & Wanty,* for plaintiff.

*Wolcott & Ward (M. H. Walker,* of counsel), for defendant.

McGRATH, J.   On April 2, 1889, defendants entered into a writing, which, omitting the formal parts, is as follows:

"I, or either of us, hereby guarantee the payment to John A. Tolman Co. of any and all moneys collected by John L. Morrissey for account of John A. Tolman Co., and for all moneys which they may from time to time advance to said John L. Morrissey, and any and all indebtedness now due or which may hereafter become due John A. Tolman Co., in excess of the amount due said John L. Morrissey as per agreement between said John A. Tolman Co. and said John L. Morrissey, and to accept a verified statement of the account as kept in the regular books of said John A. Tolman Co. as correct and final between the said company and the said John L. Morrissey, and without requiring any demand or notice of default. My liability, however, is limited hereby to one thousand ($1,000) dollars, together with all costs, attorney's fees, and expenses that shall arise from enforcing collection; and for such amounts this is intended as a continuing guaranty."

The Tolman Co. was contemplating the employment of Morrissey, and the above guaranty was sent to defendant, who resided at a distance, for signature.   On April 15, 1889, the Tolman Co. entered into a written agreement with Morrissey, which is as follows:

"Engaged John L. Morrissey as salesman to solicit orders for goods for us, expending his entire time and energy in faithfully and intelligently rendering such service, for one year from date (or at our option as to time, if less time); we to pay him 40 per cent. of the profits he makes on the route selling goods for us; he to pay his own expenses, and furnish his own sample cases.   On the further condition that he stays the full year's time out, and also stands 50

per cent. of the losses that may be incurred from bad debts on the territory for the time. When the sales for the year are collected for, we are then to pay an additional 10 per cent. of the profits (and till that time this 10 per cent. of the profits is to be held as a guaranty fund for the purposes specified; and these stipulations he agrees to); and at the end of the year, when collections for the sales are made, if no losses from bad debts have occurred, we are to pay over the 10 per cent., but, if any losses have occurred, we are to deduct half of the amount of the same from this 10 per cent. guaranty fund, and pay over the balance. If half the amount of the losses exceed the amount of the guaranty fund, we are to stand the balance."

Morrissey continued in the employ of plaintiff for three years, when he absconded. At that time he was in arrears to plaintiff in the sum of $1,380.29. Plaintiff had no communication with defendants until after Morrissey absconded.

The court restricted the recovery to the amount which was due at the end of the year contemplated by the last-named agreement, to which the guaranty referred. In this, we think, the trial court was right. The agreement could not be extended, and defendants bound as to transactions arising after the year had expired. The clause with reference to a continuing guaranty evidently relates to " costs, attorney's fees, and expenses that shall arise from enforcing collection," and refers to matters in the course of the business done during the year, which would, in the ordinary course, be unsettled when the year expired.

The mere re-employment of Morrissey, and giving him an opportunity to make up the deficiency, would not operate to release the sureties. By the terms of the agreement, defendants agreed to accept a verified statement of the account as kept in the regular books as correct and final. The agreement also provided that Morrissey should be charged with 50 per cent. of the losses, and the item charged upon that account was a proper charge.

We find no error in the record, and the judgment is affirmed, without costs to either party.

The other Justices concurred.