## JOHN A. TOLLMAN CO. v. BOWERMAN *et al.*

1. Generally, the allowance or disallowance of leading questions is in the discretion of the court, and it is only when such questions go very directly to the substance of the matter in controversy, and give the examining party an improper advantage, that their allowance will be held reversible error.

2. When parties agree in advance as to what shall constitute satisfactory and final proof of a fact, they take such question out from under the ordinary rules of evidence, and the fact may be established in the manner provided for in the agreement.

3. A judgment will not be reversed in this court on account of the admission of improper evidence, when it fully appears that without such evidence the verdict of the jury or the findings of the court must have been the same.

4. A definite and unambiguous promise contained in a written obligation, that the makers shall do a specified thing, will not be ignored because such promise is outside of, or apparently inconsistent with, the provis-

ions of a prior agreement made by another party, which such first-mentioned obligation was based upon and generally made to secure. Therefore where respondent, the T. Co., employed W. to sell goods as a traveling salesman, making with him "in the latter part of October, 1891," a written contract, which provided that he should pay his own expenses, and subsequently, on the 2nd day of November, defendants gave the T. Co. a written obligation guarantying the payment to the T. Co. of "all moneys which they may from time to time advance to said" W., *held,* that the moneys so advanced were secured by said obligation, although the prior agreement with W. did not apparently contemplate the advancement to him of any moneys by the T. Co.

(Syllabus by the Court.   Opinion filed April 3, 1894.)

Appeal from circuit court, Minnehaha county.   Hon. FRANK R. AIKENS, Judge.

Action on a contract.   There was judgment for plaintiff, and defendants appeal.   Affirmed.

The facts are stated in the opinion.

*Henry Robertson* and *Joe Kirby,* for appellants.

In examining an adverse witness a court may permit leading questions but in no case can this be tolerated to a willing, voluntary witness, neither can a witness be allowed to include all the facts by answering a question containing a conclusion of law.   1 Green, Ev. § 434;  Henry v. Railroad Co.,  23 N. W. 260;  Hardke v. State, 30 N. W. 723.   A question to a witness upon his examination in chief, embracing the very substance of the issue on trial and calling for an answer, which if accepted amounts to a determination of such issue, is improper and its admission is reversible error.   Combs v. Agricultural Ditch Co.,  28 Pac. 966; 2 Best on Ev. Sec. 641; 1 Whirt. Ev. Sec. 499; 2 Phil. Ev. Sec. 889.

The court erred in admitting in evidence the copy of plaintiff's ledger with no proof of its correctness, the witness merely stating that it was a copy.   No excuse was offered for the books not being produced and their identity and truthfulness were not shown.   Account books are not admissible in evidence in behalf of the party in whose interests they are kept, any more than any other statement or entry made in his own favor

except where so authorized by, or the law has grown out of express statute.   Jeffrey v. Schlasinger, Hempst., 12; Bun v. Byers, 10 Ark., 398; Decamp v. Vandergrift, 4 Blackf. Ind. 272; Railroad Co. v. Noel, 77 Ind. 110; Porche v. LeBlance, 12 La. Ann. 778; Hinrich v. McPherson, 20 Mo. 310.   In states where there are no statutes upon the subject, books of account are not evidence of money received nor in the case of a single charge nor when a party has a clerk; but they must be kept by the proprietor who must before his books are admissible prove by other evidence the delivery of some of the articles charged, that the books are his account books, and must further prove by those who have dealt and settled with him that he keeps fair and honest accounts.   Case v. Potter, 8 Johns, 211; Low v. Payne, 4 N. Y. 247; Vasburgh v. Thayer, 12 Johns, 461; Tomlinson v. Borst, 30 Barb., 42; Jackson v. Evans, 8 Mich., 476; Ladd v. Sears, 9 Ore., 244; Ducoign v. Schreppel, 1 Yates, Pa. 347; Vol. 2, Am. & Eng. Ency. L., 467q, 467z.

*Boyce & Boyce*, for respondent.

KELLAM, J.   This action was brought to recover on an agreement of which the following is a copy:   "Chicago, October 1st, 1891.   In consideration of the sum of one dollar and other valuable considerations received from John A. Tollman Company the receipt of which is hereby acknowledged, I hereby guaranty the payment to John A. Tollman Company of any and all moneys collected by Geo. A. Willard for the account of John A. Tollman Company, and for all moneys which they may from time to time advance to said George A. Willard, and any and all indebtedness now due or which may hereafter become due said John A. Tollman Company in excess of the amount due said George A. Willard, as per agreement between said John A. Tollman Company and said George A. Willard; and I hereby waive notice of acceptance of this guaranty by John A. Tollman Company, and to accept a verified statement of the account as kept in the regular books of said John A. Tollman

Company as correct and final between the said company and the said George A. Willard, and without requiring any demand or notice of default; and I agree that any extension may be granted him, or other security taken or released, at any time, without notice or affecting my liability. My liability, however, is limited hereby to two thousand ($2,000) dollars, together with interest at 8 per cent per annum until paid, and all costs, attorney's fees, and expenses that shall arise from enforcing collection; and for such amounts this is intended as a continuing guaranty. Any amount which shall become due from me upon this contract of guaranty I agree to pay at the office of John A. Tollman Company, in Chicago, Ills. Witness my hand and seal this 2d day of November, 1891, in the county of Minnehaha, and state of South Dakota. [Signed] Guy E. Bowerman, M. R. Kenefick, D. Barr." The answer admitted the making of the agreement, but denied the breach. Plaintiff had judgment, and defendants appeal.

The evidence on the part of the plaintiff consisted of two depositions—one of S. A. Tollman, vice-president of the plaintiff company; and the other of A. S. Delaware, the plaintiff's secretary, having charge of plaintiff's books of account. At the taking of the depositions, defendants did not appear. On the trial a number of the questions propounded to these witnesses were objected to as leading, and error is assigned upon the refusal of the court to exclude them. As to these assignments it is sufficient to say that generally the allowance or disallowance of leading questions is in the discretion of the court, and it is only when such questions go directly to the substance of the matter in controversy, and this ruling approaches at least an abuse of discretion on the part of the court, that their allowance will be held reversible error. Greenleaf lays down the rule, somewhat strongly, perhaps, in Volume 1, § 435, of his work on Evidence, thus: "Indeed, when and under what circumstances a leading question may be put is a matter resting in the sound discretion of the court, and is not a matter

which can be assigned as error." The first questions thus objected to were propounded to Tollman, and were: "Q. Have you a true statement of the account between the plaintiff and G. A. Willard under this contract which has been introduced in evidence between you?" The question was answered affirmatively. Then occurred the second challenged question: "Q. Is the paper, Exhibit Z, I now hand you, a true statement of the account between the plaintiff and G. A. Willard?" The answer was: "It is. I verified it this morning by checking with our books." It will be noticed that in and by the agreement itself the parties had agreed upon what should be sufficient proof of the account. They undertook "to accept a verified statement of the account as kept in the regular books of said John A. Tollman Company as correct and final," etc. There was no substantial objection either to the form or matter of these questions and answers. Several objections of the same character were made during the trial, the rulings upon which are assigned as error, but they are not urged in the argument of counsel. While, in some instances the form of the question might perhaps have been improved, none of them were such as to give the examining party any improper advantage. Exhibit Z, purporting to be a copy of Willard's account as taken from plaintiff's ledger, was admitted against the objection of defendants. As before noticed, the parties had agreed upon what should be satisfactory and final proof of the condition of the account, and had thus to that extent, and in respect to that question, taken the case out from under the operation of the ordinary rule of evidence. Delaware, the secretary, had testified: "I compared each particular item of the debit and credit and the statement offered in evidence is an exact copy of the face of our ledger." He had already testified that he had verified it by checking with the books of the company. This brought the statement within the rule agreed upon, and it was rightfully admitted. This witness, after stating the amount due the plaintiff from Willard, was asked: "Q. Has Willard

ever disputed the correctness of your claim against him for bal-
ance due?" Perhaps this question was objectionable in this
action against his sureties, so far as it called for what Willard
had done or failed to do since his employment ceased; but, if so,
it was error without prejudice. Upon the competent evidence
before it, the court could have rendered no other decision than
for the plaintiff, unless the last contention of the defendants is
correct, to-wit, that under the terms of the obligation defend-
ants did not become liable for cash advanced to Willard. Their
contention is that the obligation signed by them was for the
sole purpose of securing Willard's faithful performance of his
contract to sell goods for plaintiff; that by it Willard was to
provide his own sample cases, and pay his own expenses; and
that the contract did not contemplate the advance of any money
to him, but the terms of the obligation sued upon must deter-
mine whether the facts proved constitute a cause of action in
plaintiff's favor. By it defendants distinctly "guaranty the pay-
ment to John Tollman Company of any and all moneys collected
by George A. Willard for account of John A. Tollman Company,
and for all moneys which they may from time to time advance
to said George A. Willard," etc. It seems plain that this obli-
gation, which is the one sued upon, did contemplate the ad-
vance of moneys for some purpose to Willard, for on no other
theory could this language of the obligation be accounted for.
This paper containing this specific provision was executed by
defendants, and it furnishes very strong evidence that they un-
derstood that plaintiffs were to, or at least might, from time to
time advance money to Willard, and they expressly undertook
to become responsible therefor. This definite agreement was
in the obligation in plain and unambiguous words. There was
no claim of mistake or imposition, and the court could not cut
it out. It does not appear that this obligation of defendants
was given for the specific and only purpose of securing the
faithful discharge by Willard of his duties under a written con-
tract of employment, introduced in evidence, or that defendant's

liability was to be measured by the terms of that contract. That contract was made "the latter part of October, 1891." The obligation sued upon was made November 2, 1891, and distinctly states the terms and conditions upon which the defendants were to be liable. If, in any respect, they are different from or inconsistent with, the terms of the prior contract, the later agreement must control. Defendants offered no evidence, and the court correctly directed a verdict for the plaintiff. The judgment is affirmed.