## JOHN A. TOLMAN COMPANY

*v.*

## R. B. RICE.

*Filed at Ottawa November 23, 1896.*

1. SURETY—*when contract of a surety is limited by another instrument.* The liability of one who guarantees the repayment of all money which an employer may advance to his salesman "as per agreement" between them, is limited to advances authorized by the terms of such agreement.

2. CONTRACTS—*when contract of employment does not authorize advances.* Advances made by an employer to his salesman are not authorized by the contract of employment, where, by its terms, the salesman is to pay his own expenses and no provision is made for advances for other purposes.

*Rice* v. *Tolman Co.* 60 Ill. App. 516, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

F. J. SMITH, and E. M. ASHCRAFT, for appellant.

ALBERT H. TYRRELL, (HENRY M. BACON, and HENRY SCHOFIELD, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellant company sued appellee upon the guaranty following, to recover for certain moneys advanced to Otstott, who is mentioned therein:

"CHICAGO, *January 10, 1894.*

"In consideration of the sum of one dollar and other valuable consideration received from John A. Tolman Company, the receipt of which is hereby acknowledged, we hereby guarantee the payment to John A. Tolman Company of any and all moneys collected by Edward W. Otstott for account of John A. Tolman Company, and for all moneys which they may, from time to time, advance to the said Edward W. Otstott, and any and all indebtedness now due or which may hereafter become due John A. Tolman Company in excess of the amount due said Edward W. Otstott as per the present or any future agreement between said John A. Tolman Company and said Edward W. Otstott; and we hereby waive notice of acceptance of this guaranty by John A. Tolman Company, and to accept a verified statement of the account as kept in the regular books of said John A. Tolman Company as correct and final between the said company and the said Edward W. Otstott, and without requiring any demand or notice of default; and we agree that any extension may be granted him, or any security taken, or security taken surrendered, and any security hereto released, at any time without notice or affecting my liability. My liability, however, is limited hereby to two thousand ($2000) dollars, together with interest at seven per cent per annum until paid, and all costs, attorney's fees and expenses that shall arise from enforcing collection, and for such amounts this is intended as a continuing guaranty until revoked by notice in writing to me. Any amount which shall become due from me upon this contract of guaranty we agree to pay at the office of John A. Tolman Company, in Chicago, Illinois.

"Witness my hand and seal this 13th day of January, 1894, in the village of Oxford and State of Ohio.

R. M. L. HUSTON, Oxford, Ohio.
R. B. RICE, Chicago Lawn, Ill."

Appellee gave in evidence the following, which was the only agreement shown between appellant and Otstott:

"CHICAGO, *January 25, '94.*

"This memorandum certifies: Engaged E. W. Otstott as salesman to solicit orders for goods for us, (John A. Tolman Company,) he expending his entire time and energy in faithfully and intelligently rendering such service, for one year from date, or longer, as agreed (or at our option as to time, if less time.) We are to pay him forty (40) per cent of the profits he makes on the route selling goods for us, he to pay his own expenses and furnish his own sample cases, we to be the final judge of all credit given customers. No order is to be counted as a sale except order is acceptable to us. On the further condition that he stays the full year's time out, and also stands fifty (50) per cent of any losses that may be incurred from bad debts or any expense for collecting difficult accounts on the territory for the time, then, when the sales of the year are collected for, we are then to pay an additional ten (10) per cent of the profits, (but until that time this ten (10) per cent of the profits is to be held as a guaranty fund for the purpose specified). At the end of the time when the sales of the year shall be collected for and collections for the sales of the year are all made, and no losses for bad debts have occurred, we are to pay over the ten (10) per cent; but if any losses have occurred, we are to deduct half of the amount of the same from this ten (10) per cent guaranty fund and pay over the balance. But if half of the amount of the losses exceed the amount of the guaranty fund we are to stand the balance.

"Agreed to.                          E. W. OTSTOTT."

Appellant showed, by a verified statement from its books in the manner contemplated by the instrument of guaranty, that it had made the advances to Otstott sued for, and verdict and judgment were recovered for $516.81, which judgment was, on appeal of Rice, reversed by the Appellate Court without remanding. The company obtained a certificate of importance and brings the case here by appeal.

The only question necessary to be considered is, was the guarantor, Rice, liable, by virtue of his guaranty, to make good to the company the moneys so advanced to Otstott? So far as this case goes, the second instrument

164—17

must, under the evidence, be regarded as the agreement, and the only one, referred to in the contract of guaranty by the clause, "as per the present or any future agreement between said John A. Tolman Company and said Edward W. Otstott," and this clause in the guaranty must be regarded as a limitation upon the liability of the guarantor. That is to say, by it his guaranty of payment to the company "of any and all moneys collected by Edward W. Otstott for account of John A. Tolman Company, and for all moneys which they may from time to time advance to said Edward W. Otstott, and any and all indebtedness now due or which may hereafter become due John A. Tolman Company in excess of the amount due said Edward W. Otstott," is restricted to such liabilities of said Otstott in respect to the matters mentioned in the said three clauses as accrued under or by virtue of the agreement between appellant and Otstott. Construing the two agreements together, appellee's liability was limited to (1) "moneys collected" by Otstott for the company under the agreement of employment; (2) "moneys advanced" to Otstott by the company under the agreement of employment; and (3) "any and all indebtedness" of Otstott to the company accruing under the agreement of employment; and was limited also to the excess over the amount due from the company to Otstott. The liability sued for did not, however, accrue or arise under or by virtue of the agreement of employment, but aside from it. By that agreement Otstott was to pay his own expenses, and the company, if it advanced him any money, did so as a loan to him outside of the agreement, and the only liability Otstott incurred, so far as the record discloses, was an implied one to repay the moneys so loaned to him. Such an implied liability was not contemplated by the contract of guaranty, for it did not arise "as per" or under or by virtue of the agreement of employment.

It is a settled rule of law "that the undertaking of a surety is to be construed strictly, and that he is bound

to the extent and in the manner and under the circumstances pointed out in his obligation, and no farther." His liability is not to be extended by implication. (*Cooper* v. *People*, 85 Ill. 417; *Shreffler* v. *Nadelhoffer*, 133 id. 536.) The liability of guarantors is governed by this principle. *Kingsbury* v. *Westfall*, 61 N.Y. 256; *Ryan* v. *Town of Shawneetown*, 14 Ill. 20; *Thomas* v. *Olney*, 16 id. 53; *Second Nat. Bank of Peoria* v. *Diefendorf*, 90 id. 396.

The following cases have been cited as showing the construction placed upon similar contracts by the courts of last resort in other States: *Tolman Co.* v. *McClure*, 10 Ind. App. 28; *Tolman Co.* v. *Clements*, 98 Mich. 6; *Tolman Co.* v. *Bowerman*, 58 N. W. Rep. (Wis.) 568. In some respects they agree and in others they differ from the view here taken; but giving the contract a strict construction in favor of the guarantor, as the law requires, we are satisfied the Appellate Court decided the case correctly, and its judgment will be affirmed.

*Judgment affirmed.*