111  301
s 115   72

## JOHN A. TOLMAN CO. *v.* GRIFFIN.

1. GUARANTY—CONTINUING CONTRACT.

   A guaranty of payment of all moneys collected by one V. for account of the guarantees, and of all moneys which they might from time to time advance to V., and of any and all indebtedness due or to become due the guarantees in excess of the amount due said V., "as per the present or any future agreement between them," is a continuing contract, covering changes and modifications in the agreement as originally made between the principal and the guarantees.

2. SAME—CONSTRUCTION.

   The liability of such guarantor cannot, however, be extended to include an indebtedness growing out of transactions which, as manifested by the situation of the parties and the subject-matter with reference to which the guaranty was given, were entirely foreign to those originally contemplated.

3. SAME.

   A provision in the contract of guaranty that a verified statement of the account between the guarantees and the principal, kept by the guarantees, should be conclusive on the guarantor, does not preclude him from attacking the account on the ground that items were included therein relating to other business than that covered by the guaranty.

Error to Kent; Grove, J.    Submitted October 21, 1896. Decided December 24, 1896.

*Assumpsit* by John A. Tolman Company against M. Francis Griffin and another on a contract of guaranty. From a judgment for defendants, plaintiff brings error. Reversed.

*Fletcher & Wanty,* for appellant.

*Hatch & Wilson,* for appellees.

MONTGOMERY, J.    This is an action on a contract of guaranty which reads as follows:

"In consideration of the sum of one dollar and other valuable considerations received from John A. Tolman Co., the receipt of which is hereby acknowledged, I hereby guarantee the payment to John A. Tolman Co. of any and all moneys collected by J. P. Visner for account of John A. Tolman Co., and for all moneys which they may from time to time advance to said J. P. Visner, and any and all indebtedness now due, or which may hereafter become due, John A. Tolman Co., in excess of the amount due said J. P. Visner, as per the present or any future agreement between said John A. Tolman Co. and said J. P. Visner; and I hereby waive notice of acceptance of this guaranty by John A. Tolman Co., and to accept a verified statement of the account, as kept in the regular books of said John A. Tolman Co., as correct and final between the said company and the said J. P. Visner, and without requiring any demand or notice of default; and I agree that any extension may be granted him, or any security taken or security taken surrendered, and any surety hereto released, at any time, without notice, or affecting my liability. My liability, however, is limited hereby to one thousand dollars ($1,000), together with interest at 7 per cent. per annum until paid, and all costs, attorney's fees, and expenses that shall arise from enforcing collection; and for such amounts this is intended as a continuing guaranty until revoked by notice in writing by me. Any amount which shall become due from me upon this contract of guaranty I agree to pay at the office of John A. Tolman Co., in Chicago, Ills.

"Witness my hand and seal this 11th day of September, 1893, in the village of Hopkins and State of Michigan.

"RANSOM REED.

"M. FRANCIS GRIFFIN."

It appears that plaintiff company is a wholesale grocer, and that, in the summer of 1893, one Joseph P. Visner, then a resident of Grand Rapids, sought employment with the plaintiff, and negotiations for his employment by the plaintiff were pending at the time of the execution of this guaranty. Subsequently, on the 12th day of January, 1894, the plaintiff employed Visner as salesman to solicit orders for goods, he agreeing to expend his entire time

and energy in plaintiff's services for one year from date, or longer, as agreed. He was to receive 40 per cent. of the profits he made in selling goods, and was to pay his own expenses and furnish his own sample case. On the trial the plaintiff offered testimony to show a balance of $494.26, and defendants thereupon offered testimony tending to show that a portion of the account which plaintiff introduced did not relate to the dealings of the parties as employer and employé, but grew out of an indebtedness incurred by Visner while carrying on the business of a candy dealer on his own account at the city of Grand Rapids. The circuit judge charged the jury that, if they found that any of the charges contained in the account related to the candy business, then they did not relate to the employment, and ought not to be included in the account, and further instructed the jury that the provision in the contract that defendants should accept a verified statement of Visner's account was a valid provision, but that it was binding upon the defendants only so far as they obligated themselves to guarantee any matter contained in that account relating to the employment, and that, if the account contained matters not relating to the employment, but relating to the candy business, they were not within the scope of the defendants' obligation. It appeared further in the case that, at the time of Visner's engaging in the candy business, a further agreement was made between plaintiff and Visner that he should continue in the employ of the plaintiff, devoting only a portion of his time to its business. The defendants asked an instruction to the effect that any alteration made of the original contract of employment, and any substantial deviation made from the express terms of the contract in its performance, without the consent of the sureties, would have the effect to annul the contract of guaranty. The circuit judge, while refusing to give this instruction, charged the jury that if the change that was made, permitting Mr. Visner to enter

into a private business of his own, did increase the defendants' risk or hazard of liability on the bond, then it would release the sureties.

The case turns upon a construction of the contract of guaranty. Two questions arise in this connection: *First*, is the contract to be construed as applying only to a single contract entered into between the parties, which should thereafter be put in form, and, when put in form, read into the contract of guaranty, and be no longer subject to change or modification in any respect? And, *second*, is the contract of guaranty to be construed as a guaranty of performance by Visner of a contract of employment only? We think the first of these questions should be answered in the negative, and the latter in the affirmative. The language of the agreement appears to be free from ambiguity. Defendants undertake to guarantee the payment to plaintiff of any and all moneys collected by Visner for account of Tolman Company, and for all moneys which Tolman Company shall from time to time advance to Visner, and any and all indebtedness now due, or which may hereafter become due, Tolman Company, in excess of the amount due said Visner, as per the present or any future agreement between Tolman Company and Visner. Here is a continuing contract of guaranty, into which the parties have seen fit to enter without demanding that the contract between their principal and his employer shall be made a part of the agreement, and in which they have further expressed their willingness to be bound by any future agreement between Tolman Company and Visner. It is contended by defendants that, when once a contract is agreed upon between the parties, this exhausts the power to enter into future agreements. We think this is too narrow a construction of the language employed, and is clearly not what was meant. The court was therefore in error in the instruction upon this branch of the case, to the effect that any change in the contract

once made, which worked to the prejudice of the sureties, would annul the guaranty.

Plaintiff further makes the broad contention that this contract should be construed as applying to any future contract, and any indebtedness from Visner to the plaintiff, and insists that there is nothing in the wording of the contract which justified the court in limiting the indebtedness of Visner to plaintiff to such indebtedness as might grow out of a contract of employment as salesman.   We think the court was entirely right in its construction in this respect.   The declaration sets forth, what we assume to be the fact, that this agreement was given in view of the contemplated employment of Visner by plaintiff as a traveling salesman.   Not only this, but the language of the agreement implies that the relation of employer and employé is the one contemplated.   This guaranty is one of payment of any and all moneys collected for and on account of Tolman Company, for all moneys which they may from time to time advance to Visner, and any and all indebtedness now due, or which may hereafter become due, *in excess* of the amount due said Visner; implying that, under the agreement contemplated, Visner would have counter-charges against the claim of plaintiff.   We think the broader language should be construed in connection with this, and that the agreement is to be interpreted in the light of the situation of the parties and the subject-matter with reference to which it was evidently given.   It would be a great stretch to say that these guarantors would become liable upon a sale of a steamboat by plaintiff to Visner; and, so far as the record shows, an obligation for merchandise to be used in an independent business was as foreign to anything in contemplation of the parties to this guaranty as would have been a transportation business.

We think the court was also right in the instruction as to the right of defendants to show that this verified state-

111 MICH.—20.

ment of account related to other business than that covered by the guaranty.

For the error pointed out, the judgment will be reversed, and a new trial ordered.

The other Justices concurred.