JOHN A. TOLMAN CO. *v.* REED.

1. CONTRACTS—PLACE OF PERFORMANCE.

A contract of guaranty dated in Illinois, signed in Michigan, and mailed to the guarantee in Illinois, where payments, if any, are to be made, is an Illinois contract.

2. SAME—CONFLICT OF LAWS—REVIEW ON SECOND APPEAL.

The Illinois Supreme Court held that there was no liability under a contract of guaranty upon the same facts on which the Michigan Supreme Court reached a contrary conclusion. Upon a second appeal to the latter court, the question of the place of the contract was raised for the first time, and it was determined that it was an Illinois contract. *Held,* that the decision should be ruled by the construction given to the contract in the Illinois court.[1]

Error to Kent; Grove, J. Submitted October 6, 1897. Decided November 23, 1897.

---

[1] The conclusiveness of prior decisions on subsequent appeals is considered, and a great number of decisions thereon collected, in a note to *Hastings* v. *Foxworthy,* (Neb.) 34 L. R. A. 321.

*Assumpsit* by the John A. Tolman Company against Ransom Reed and M. Francis Griffin on a contract of guaranty. From a judgment for plaintiff, defendants bring error. Reversed.

*Hatch & Wilson*, for appellants.

*Fletcher & Wanty*, for appellee.

Moore, J. This case involves the construction of a contract of guaranty. The case has been here before, and is reported in 111 Mich. 301, so that a full statement of facts will not be necessary. The contract was then held to be a valid one, but it was also held that the guarantors were not liable for indebtedness of Mr. Visner to the guarantee arising outside of his employment. In the last trial the judge followed the directions of this court, and the jury found in favor of the plaintiff. Defendants appeal.

The questions of fact in the second trial are the same questions that were involved in the first trial. It has been repeatedly held that this court will not review its previous decisions made in the same cause on the same state of facts. *Mynning* v. *Railroad Co.*, 67 Mich. 677; *Hickox* v. *Railway Co.*, 94 Mich. 237; *People's Savings Bank* v. *Eberts*, 96 Mich. 396. A new element, however, presents itself in the case, a question which was not raised when the case was here before. After the first trial in the lower court, and while the case was pending here, the supreme court of Illinois, in a similar case not then reported, held the guarantors not liable. *John A. Tolman Co.* v. *Rice*, 164 Ill. 255. It is now said that, notwithstanding this court has so construed the contract as to justify the action of the circuit court in the second trial, it ought to reverse its former decision, for the reason that the contract of guaranty is an Illinois contract, and should be construed according to the law of Illinois, as declared by the supreme court of the State. Is the contract an Illinois contract? It is dated in Chicago. It was signed

in this State, and mailed to plaintiff at Chicago from Grand Rapids, and, by its terms, the guarantors agreed that any amount which should become due upon the contract should be paid at the office of the plaintiff in Chicago. Its delivery was required before the plaintiff would enter upon its undertaking with Mr. Visner. We think it an Illinois contract. *Baum* v. *Birchall*, 150 Pa. St. 164 (30 Am. St. Rep. 797); *Phœnix Mut. Life Ins. Co.* v. *Simons*, 52 Mo. App. 357; *Milliken* v. *Pratt*, 125 Mass. 374 (28 Am. Rep. 241); 1 Beach, Cont. § 592. If the contract were a Michigan contract, we should still think our duty was to construe it as we did when it was here before. It was not then claimed that the contract was an Illinois contract, and invalid by the laws of Illinois, so that the question now presented to us is here for the first time.

The law is well settled that contracts must be construed and their validity determined by the law of the country where they were made, unless the contracting parties clearly appear to have had some other law in view.

"If valid there, the contract is valid elsewhere; but, if void or illegal there, it is void everywhere. * * * This rule is founded not merely in convenience, but in the necessities of nations and states; for otherwise it would be impracticable for them to carry on an extensive intercourse and commerce with each other. The whole system of agencies, of purchases and sales, of mutual credits, and of transfers of negotiable instruments rests on this foundation; and, in sustaining the principle, there seems to be a unanimous consent of all courts and jurists, foreign and domestic." 1 Beach, Cont. § 590; *Campbell* v. *Nichols*, 33 N. J. Law, 81; *Guignon* v. *Trust Co.*, 156 Ill. 135.

There are exceptions to this general statement, not necessary to mention now, for the reason that this case does not come within any of the exceptions.

Does the fact that this court would hold a Michigan contract containing the same terms to be a valid contract prevent its following the construction given to the Illinois

contract by the Illinois court? The case of *Phœnix Mut. Life Ins. Co.* v. *Simons*, 52 Mo. App. 357, was a case where the court held a married woman liable upon her contract, which was held to be a Kansas contract, because, under the laws of Kansas, she could enter into such a contract, though a contract executed under the same circumstances in Missouri would be void. In the case of *Waters* v. *Cox*, 2 Ill. App. 129, the court held that the construction given to a Michigan contract by the Michigan courts must be followed, though that construction was contrary to the construction given to like contracts by the Illinois courts. In the case of *Forepaugh* v. *Railroad Co.*, 128 Pa. St. 217 (15 Am. St. Rep. 672), there is a very full and able discussion of the question at issue here; and it was there held that a New York contract would be construed the same as the New York courts would construe it, though a Pennsylvania contract containing like terms would be construed by the Pennsylvania courts just the other way. There is no great hardship in this. The plaintiff insisted upon having an Illinois contract. Now that it cannot enforce its contract in the courts of Illinois, is it just or right that, by coming before the courts of this State, it shall be able to enforce a contract it has seen fit to make, when it is void by the law of the country where it was made? To allow this to be done would give rise to great uncertainty and confusion. Story, Confl. Laws, § 278, quotes with approval the opinion of Chief Justice Parker in *Blanchard* v. *Russell*, 13 Mass. 1 (7 Am. Dec. 106):

"That the laws of any State cannot, by any inherent authority, be entitled to respect exterritorially, or beyond the jurisdiction of the State which enacts them, is the necessary result of the independence of distinct sovereignties. But the courtesy, comity, or mutual convenience of nations, amongst which commerce has introduced so great an intercourse, has sanctioned the admission and operation of foreign laws relative to contracts. So that it is now a principle generally received that contracts are to be construed and interpreted according to the laws of the State

in which they are made, unless from their tenor it is perceived that they were entered into with a view to the laws of some other State.   And nothing can be more just than this principle; for, when a merchant of France, Holland, or England enters into a contract in his own country, he must be presumed to be conusant of the laws of the place where he is, and to expect that his contract is to be judged of and carried into effect according to those laws; and the merchant with whom he deals, if a foreigner, must be supposed to submit himself to the same laws, unless he has taken care to stipulate for a performance in some other country, or has in some other way excepted his particular contract from the laws of the country where he is."

Judgment should be reversed, and new trial ordered.

The other Justices concurred.