John A. Tolman Company, Respondent, vs. Butt and another, imp., Appellants.

*January 17—February 3, 1903*

*Guaranty: Continuing contract: Prior indebtedness of principal: Effect of failure to disclose: Evidence.*

1. A contract between a salesman and his employer, guaranteed by defendants, was for "one year from date" and might "continue from year to year." The guaranty expressly covered "all moneys and goods," which the employer might "from time to time advance" to the salesman, and "any and all indebtedness" which might thereafter "become due to" the employer "from him, whether by the terms of any contract or not, in excess of the amount due" the salesman. The guaranty further provided "that any extension" might be granted the salesman "at any time" without notice or affecting the guarantor's liability, and that "for such amount" the guaranty was therein declared to be "intended as a continuing guaranty until revoked by notice in writing." *Held*, that the guaranty covered and was binding for the three years through which the salesman's employment was extended.

2. Where an employer's contract with a traveling salesman required him to give bond for all sums in which he might become indebted to the employer, and such guaranty was given, in an action brought thereon, in the absence of evidence that the guarantors were induced to sign by fraud, misrepresentation, or deceit, evidence, that at the time of the execution of the guaranty, and unknown to the guarantors, the salesman was already largely indebted to the employer, is irrelevant.

3. In such case, an agreement in the written guaranty, that the guarantors would "accept a verified written statement of the account (of the salesman) as kept on the regular books" of the employer, is binding and conclusive on the guarantors.

Appeal from a judgment of the circuit court for Vernon county: J. J. Fruit, Circuit Judge. *Affirmed.*

This is an action to recover $1,187.80, with interest from September 21, 1900, for moneys belonging to the plaintiff, received by the defendant R. A. Russell between May 1, 1897, and March 15, 1900, while acting as traveling sales-

man for the plaintiff, in excess of what he paid and accounted to the plaintiff during that period. The action is based upon a written contract bearing date May 1, 1897, between the plaintiff and R. A. Russell, and a written guaranty of the same, executed by Russell and the appellants. By such contract Russell was to faithfully and diligently perform such duty as such salesman for one year from date, and might continue from year to year, with the right in the plaintiff to terminate the contract at any time; Russell to receive for compensation certain percentages on the profits of goods sold; he to pay his own expenses, including sample cases; but the plaintiff was at liberty to advance to him moneys for the purpose of defraying expenses, which Russell was to repay on demand, and "to furnish a good acceptable bond for the payment of any money due" to the plaintiff "in excess of the amount due" to Russell, "with all costs, attorney's fees, and expenses and seven per cent. interest until paid;" the plaintiff to be the final judge of all credit given customers, and no order to be counted as a sale until accepted by the plaintiff. The written guaranty executed under the hands and seals of Russell and the appellants, upon which the action is in part based, recites the making of such contract between Russell and the plaintiff, and that "in consideration of the sum of one dollar and other valuable consideration received from" the plaintiff, the receipt of which is thereby acknowledged, Russell and the two appellants did guaranty to the plaintiff as follows:

"*I hereby guarantee* the payment to *John A. Tolman Company* of *any and all moneys collected* by Ralph A. Russell for account of *John A. Tolman Company, and for all moneys and goods which they may from time to time advance* to said Ralph Russell, *and any and all indebtedness . . . :* which may *hereafter become due* to *John A. Tolman Company from him, whether by the terms of any contract or not,* in excess of the amount due said Ralph A. Russell from said *John A. Tolman Company.* And I hereby *waive notice of acceptance*

*of this guaranty* by *John A. Tolman Company,* and agree to accept a verified written statement of the account of Ralph A. Russell, as kept in the regular books of said *John A. Tolman Company,* as correct as between the said company and the said Ralph A. Russell, and as competent and conclusive evidence as to the extent of my liability, and *without requiring any demand or notice of default;* and *I agree that any extension may be granted him, or any security taken, or security taken surrendered, and any surety hereto released at any time without notice, or affecting my liability.* My liability, however, is limited hereby to two thousand dollars ($2,000.00), and all costs, attorney's fees, and expenses, together with interest at 7 per cent. per annum until paid, *and for such amounts this is intended as a continuing guarantee until revoked by notice in writing to me.* Any amount which shall become due from me upon this contract of guarantee I agree to pay at the office of *John A. Tolman Company,* in Chicago, Ill., without relief from valuation or appraisement laws."

The defendant Russell made no answer to the complaint. The appellants answered by way of admissions, denials, and counter allegations to the effect that for some years prior to giving the bond Russell had been employed by the plaintiff in the same capacity, and during that time he embezzled $1,600; that the plaintiff, knowing the fact, exacted the bond or agreement of guaranty to cheat and wrong the appellants, who were at the time ignorant of such embezzlement; and by way of counterclaim the answer alleged that, after Russell quit the services of the plaintiff, many collections were made of goods sold by him, on which he was entitled to commissions, according to such contract, to the amount of $250, which they claimed should be deducted from the amount claimed by the plaintiff. The appellants were allowed to amend such answer, but not to materially change the nature of the defense, except to allege, in effect, that Russell was so employed by the plaintiff under the contract from May 1, 1897, to July 26, 1897, when the bond or guaranty was exe-

cuted, and that the same was so given without any consideration therefor. The plaintiff, by way of reply, denied each and every allegation of the counterclaim, and alleged that Russell had, in the complaint, received all the credits from the plaintiff to which he was entitled. At the close of the testimony the court directed a verdict in favor of the plaintiff for $1,249.80, being the amount demanded in the complaint, with interest to that date. From the judgment entered thereon accordingly, the defendants *Butt* and *Eckhart* bring this appeal.

For the appellants there was a brief by *C. W. Graves* and *C. M. Butt, Jr.,* and oral argument by *Mr. Graves.*

For the respondent there was a brief by *Smith & Griffin* and *Silbaugh & Bennett,* and oral argument by *C. J. Smith.*

CASSODAY, C. J. The liability of the appellants is based upon the bond or written guaranty, which speaks for itself.

1. Error is assigned because the court held, as a matter of law, that the appellants were liable thereon after the termination of the first year. The contract so guarantied was "for one year from date," and might "continue from year to year." The guaranty expressly covered "all moneys and goods" which the plaintiff might "from time to time advance" to Russell, and "any and all indebtedness" which might thereafter "become due to" the plaintiff "from him, whether by the terms of any contract or not, in excess of the amount due" Russell, and each of the appellants and Russell therein agreed "that any extension" might "be granted" to Russell "at any time, without notice or affecting" his "liability," up to the amount therein stipulated; and that "for such amounts" the guaranty was therein declared to be "intended as a continuing guaranty until revoked by notice in writing." The plaintiff's contract with Russell was extended, and did continue from year to year until March 15, 1900, when Russell quit the services of the plaintiff, without its consent.

Such being the express terms of the contract and guaranty, we are unable to perceive any ground for holding that the guaranty did not cover the entire time during which Russell was so employed under the contract. Counsel for the appellants cite a half dozen adjudications in which the plaintiff in this case was a party, and say:

"The date of the above decision is given for the purpose of showing that the plaintiff is continually changing the language of its contracts and bonds for the purposes of circumventing and avoiding the construction placed upon them by the courts in the above cases."

The question here is whether this contract will bear the construction which the trial court put upon it. It is enough to say that the guaranty in question contains provisions and agreements upon the part of the appellants not found in any of the agreements of the guarantors in any of those cases. Especially is this so as to the clause, "whether by the terms of any contract or not." And yet two of those cases are against the contention of the appellants. *John A. Tollman Co. v. Bowerman,* 5 S. D. 197, 58 N. W. 568; *John A. Tolman Co. v. Griffin,* 111 Mich. 301, 69 N. W. 649; *John A. Tolman Co. v. Reed,* 115 Mich. 71, 72 N. W. 1104. See, also, *John A. Tolman Co. v. Rice,* 164 Ill. 255, 45 N., E. 496. We must hold that the guaranty covered the liability from May 1, 1897, to March 15, 1900.

2. Error is assigned because the court refused to permit the appellants to show that Russell was largely indebted to the plaintiff when the guaranty was executed, and that the appellants were ignorant of that fact. There is no evidence tending to prove that the appellants were induced to sign the guaranty by reason of any fraud, misrepresentation, or deceit on the part of the plaintiff. The very fact that the plaintiff exacted such guaranty shows that it was unwilling to trust to the responsibility of Russell alone. Such proposed evidence was clearly irrelevant, and was properly excluded.

3. Error is assigned because the court refused to strike out the deposition of Samuel A. Tolman, or to permit proof that it had been materially altered. It does not appear that it was altered after it was signed by the witness. Besides, it was stipulated in the case, before such ruling, that the exhibit mentioned in that deposition should be received and read in evidence as being a correct statement of the account of the plaintiff with Russell from July 29, 1897, to February 17, 1900, inclusive, to the same extent as the account books of the plaintiff might be received when proven according to law. Each of the appellants agreed in the guaranty "to accept a verified written statement of the account of Ralph A. Russell, as kept in the regular books of" the plaintiff, "as correct as between the" plaintiff and Russell, "and as competent and *conclusive evidence* as to the extent of my [his] liability." The cases cited by appellants are to the effect that such agreement was binding and conclusive upon them. *John A. Tolman Co. v. Clements,* 98 Mich. 6, 56 N. W. 1038; *John A. Tollman Co. v. Bowerman,* 5 S. D. 197, 58 N. W. 568; *John A. Tolman Co. v. Griffin,* 111 Mich. 301, 69 N. W. 649. There is no dispute as to the amount due the plaintiff from Russell. The verdict was properly directed in favor of the plaintiff.

*By the Court.*—The judgment of the circuit court is affirmed.