HOADLEY v. W. T. RAWLEIGH COMPANY.

[No. 16,815. Filed October 21, 1942. Rehearing denied December 2, 1942. Transfer denied January 5, 1943.]

*Otis E. Gulley*, of Danville, and *George I. White*, of Franklin, for appellant.

*White & Haymaker* and *Robert B. Lybrook*, all of Franklin, for appellee.

FLANAGAN, C. J.—On January 22, 1932, appellee, The W. T. Rawleigh Company, entered into a written contract with one Edgar A. Shake whereby it agreed to sell said Shake its products from time to time at wholesale prices. Appellant William O. Hoadley and one W. E. White and one Henry Henson as a part of the same instrument executed a contract whereby they agreed as sureties to pay the seller for all goods, wares and merchandise sold said Shake, and further agreed that "any statement made by the buyer as to the amount of indebtedness due at any time shall be binding on us."

566

This action was brought by appellee against the buyer and the sureties to recover a balance for goods alleged to have been sold Shake under the above contract.

Issues were formed upon appellee's third amended second paragraph of complaint and third amended fourth paragraph of complaint. To the third amended second paragraph of complaint appellant addressed a demurrer which was overruled. Appellant then filed answers in general denial to both paragraphs of complaint. Trial to the court resulted in judgment for appellee. Appellant's motion for a new trial was overruled and this appeal followed. None of the other defendants below have appealed.

Errors relied upon for reversal are: (1) Overruling appellant's demurrer to the third amended second paragraph of complaint; and (2) overruling appellant's motion for a new trial.

Appellant's motion for a new trial avers that the decision of the court is not sustained by sufficient evidence and is contrary to law and that the court erred in ruling upon the admission of certain evidence.

The third amended second paragraph of complaint alleges the execution of the contract with Shake and with the sureties; that pursuant to the terms thereof appellee sold and delivered certain goods; that on July 17, 1932, appellant and Shake balanced the account and entered into an account stated in writing upon which statement the sum of $1,395 was found due, which Shake agreed to pay; that he made certain payments leaving a balance due of $1,250.99. The second amended fourth paragraph of complaint alleged that appellee sold Shake goods amounting to $48.05 after the account stated had been agreed upon.

The memorandum to appellant's demurrer states that the provisions and conditions of the surety contract

are against public policy and that there is a want of mutuality. The particular provisions complained of are not specified. However, we have examined the contract. There are no provisions or conditions contained in it which can be construed as against public policy nor is there any want of mutuality.

Another averment of the memorandum is that there is no allegation that the debt is unpaid. This is unnecessary. Payment is construed to be new matter constituting a defense and must be affirmatively pleaded by a surety as well as by the original debtor. *W. T. Rawleigh & Co.* v. *Snider* (1935), 207 Ind. 686, 194 N. E. 356.

The memorandum also says that the contract of guaranty is not shown to have been accepted by appellee. The contract in question is an original undertaking in the nature of a surety contract and not a contract of guaranty. *Hess* v. *J. R. Watkins Medical Co.* (1919), 70 Ind. App. 416, 123 N. E. 440. Appellant is not entitled to notice of its acceptance. *Nading* v. *McGregor* (1890), 121 Ind. 465, 23 N. E. 283; *Swope* v. *Forney* (1861), 17 Ind. 385. This paragraph of complaint alleges that the goods were sold the buyer pursuant to the terms of the contract with the buyer and the surety contract. That is sufficient allegation of acceptance.

Appellant's final contention under his demurrer is that the account stated was signed by Shake only, created a new and independent cause of action and could not be the basis for recovery against appellant as surety.

As to appellant the cause of action pleaded in the paragraph of complaint under consideration is based on the surety contract. By that contract appellant agreed to pay for goods sold by appellee to Shake and

for any goods so sold appellant would be liable, and further agreed that "any statement made by the buyer as to the amount of indebtedness due at any time shall be binding on us." After alleging that goods were sold and delivered without stating the items or the values, it alleges that an account stated for a certain amount was agreed upon with Shake and seeks to recover under the surety contract against appellant for the amount which Shake agreed was due.

This did not make the action one based upon an account stated. It was based upon the surety contract and the allegation as to the account stated was only an allegation that the buyer had made a statement as to the amount due. Under appellant's contract it was not necessary to allege and prove the specific items of sale. The allegation and proof of the statement of the buyer as to the amount due was sufficient for a *prima facie* case. This did not deprive appellant of his right to defend by showing error in the buyer's statement and that the items sold did not justify it. See *John A. Tolman Co.* v. *Griffin* (1896), 111 Mich. 301, 69 N. W. 649.

Under the specifications of his motion for a new trial, that the decision of the trial court is not sustained by sufficient evidence and is contrary to law, appellant presents the same questions that we have heretofore considered.

Appellant also complains that the surety contract was admitted in evidence without proof of its execution. Since it was the foundation of appellee's complaint such proof was not necessary. § 2-1033, Burns' 1933, § 137, Baldwin's 1934.

Appellant also complains of the admission in evidence of the account stated because it was signed by Shake

alone and not by appellant. By his contract  appellant agreed to be bound by any statement of the amount due made by the buyer. And even disregarding this provision of appellant's contract the admission against interest by Shake would be admissible against his surety. *Federal Union Surety Co.* v. *Indiana, etc., Mfg. Co.* (1911), 176 Ind. 328, 95 N. E. 1104. There was no error in admitting the statement.

We find no reversible error in the record.

Judgment affirmed.

NOTE.—Reported in 44 N. E. (2d) 231.