Harman Company v. Kastor et al., 202 Ill. App. 9.

---

## Harman Company, Appellant, v. E. H. Kastor and Aaron Bodenweiser, Appellees.

### Gen. No. 21,744.  (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed November 14, 1916.

## Statement of the Case.

Action by the Harman Company, a corporation, plaintiff, against E. H. Kastor and Aaron Bodenweiser, defendants, in the Municipal Court of Chicago,

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to recover on a contract, the declaration alleging that defendants guarantied the performance of a certain contract respecting the payment of notes by a corporation indebted to plaintiff. From a judgment for plaintiff, defendants appeal.

VOSE & PAGE, for appellant; SAMUEL H. GILBERT, of counsel.

HARRIS F. WILLIAMS, for appellees.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 377*—*when extrinsic evidence inadmissible.* Although, where a contract is merely ambiguous, extrinsic evidence is competent to ascertain its intent, yet where it omits an element essential to liability on the part of those sought to be charged, the omitted provisions cannot be supplied by extrinsic evidence, since the court cannot presume that parties intended to insert therein a provision other and different from that indicated by its plain language, and then give to it a construction which would be legitimate if the contract contained the supposed omitted provision.

2. GUARANTY, § 12*—*how contract construed.* The undertaking of a guarantor is to be construed strictly, and he is bound to the extent and in the manner and under the circumstances pointed out in his obligation, which liability cannot be extended by implication.

3. GUARANTY, § 3*—*when parties signing a contract not bound as guarantors.* Where corporations, one of which is indebted to the other, make a contract providing for notes to be given by the debtor to the creditor for the amount of the notes and contains certain provisions as to the payment thereof, the fact that the witness clause recites the names of two individuals described as "guarantors," and the fact that each of the persons named executes the contract, the word "guarantor" being affixed to each signature, does not operate to bind such third persons as guarantors of the performance of the contract where there is no operative clause as to them, and where they are not parties to the body of the instrument, since in order to guaranty the payment of notes effectively, a guarantor must indorse them, or execute an express contract of guaranty.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. GUARANTY, § 3*—*when party signing a contract not bound as guarantor.* Where a third party merely annexes his name to a contract in the body of which he is not mentioned, and which is a complete contract between other parties signing it and mentioned in it, such third person does not thereby become a party to the efficient and operative parts of the contract, his signature in such case being only an expression of assent to the act of the parties in making the contract.