## Waldemar Michaelsen, Appellee, v. R. E. Doonan and Spray-Lac Mfg. Co., Appellants.

### Gen. No. 34,432.

Heard in the second division of this court for the first district at the June term, 1930. ▮▮▮▮▮ Opinion filed December 16, 1930.

CHARLES L. BARRETT, for appellants.

J. KENDALL S. MITCHELL, for appellee.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

Waldemar Michaelsen, plaintiff, sued R. E. Doonan and Spray-Lac Manufacturing Company, a corporation, defendants, in the municipal court of Chicago in an action of the fourth class, for $189.05. There was a trial before the court, without a jury, and a finding and judgment for plaintiff in the sum of $189.05. Defendants have appealed.

The following is plaintiff's statement of claim:

"Plaintiff alleges: claim is for money paid and expended for the benefit of defendants by the plaintiff in

payment of the balance due upon a certain note of the defendants, endorsed by R. E. Doonan, defendant and plaintiff in pursuance of the following agreement:—

'October 2, 1928

Mr. Waldemar Michaelsen,
Chicago, Illinois
Dear Sir:

Referring to the note of seven hundred fifty ($750.00) Dollars, dated Sept. 29, 1928, which you gave to the University State Bank with notes amounting to $807.03 as collateral, would say that this company and the writer personally will and do hereby guarantee that should there be any contingent liability on this note we will protect you against any loss.

Yours very truly,
Spray-Lac Mfg. Co.

Red:em            (Sig.) R. E. Doonan, President'

Whereby the defendants became and still are indebted to plaintiff in the sum of $189.05.''

On or about September 28, 1928, plaintiff was connected with the Spray-Lac Manufacturing Company, but in what particular capacity the evidence does not disclose. It appears, however, that he signed checks and had something to do with the execution of the notes in question. On September 29, 1928, plaintiff and the secretary and treasurer of the company executed, on behalf of the company, a promissory note for $750, payable to the order of University State Bank and due in ninety days. This note was indorsed by plaintiff and defendant Doonan. At the time it was delivered to the bank there were also delivered to it certain notes of customers of the company to the amount of $800 as collateral security for the payment of the note for $750. At the time that plaintiff indorsed the note there was delivered to him the agreement set up in plaintiff's statement of claim. At the time the $750 note was due the bank had sold part of

the collateral notes and applied the proceeds, $300, on the principal note. The $750 note was then cancelled and delivered by the bank to the company. Plaintiff and defendant Doonan, apparently, then indorsed it "Paid" and it was placed in the files of the company. At the time the bank surrendered the note for $750, a new note for $450 was executed by the company and indorsed by plaintiff and Doonan. From time to time the bank sold part of the collateral, and there were other notes given by the company, which were indorsed by plaintiff and Doonan, until finally the bank held a note of the company for $189.05 and a part of the collateral. When this note became due the company, apparently, had ceased doing business and the bank was unable to collect the note from it. Thereupon plaintiff gave his personal note to the bank for $189.05, and the bank marked the note of the company for $189.05 paid and turned it and the remaining collateral over to plaintiff. This personal note was not due at the time of the trial of the instant case and plaintiff had not paid it. Plaintiff states that "the suit is not on the note but on the guaranty which is an original agreement and not part of the note."

Defendants have raised and argued a number of points in support of their contention that the judgment must be reversed, but in the view that we have taken of this appeal it is necessary to refer to one only, viz., that the guaranty covered only the original note for $750 and that the undisputed evidence shows that this note was paid and that thereby the guarantors were discharged from their liability under the guaranty. The evidence shows that the note was cancelled by the bank and that it was delivered to the company and, apparently, was marked "Paid" by plaintiff as well as by defendant Doonan, the other indorser, and was placed in the files of the company. The giving of the new note was *prima facie* payment of the old one.

(*Trego v. Estate of Cunningham,* 267 Ill. 367.) As a general rule payment is presumed when the note is found in possession of the maker. (*Cassem v. Heustis,* 201 Ill. 208.) Under the undisputed facts of the case it must be held that the original note for $750 was paid. Plaintiff argues, as we understand it, that because of the use of the word ''contingent'' in the guaranty it must be held that the guaranty was in force until the time when plaintiff's personal liability to the bank became fixed, viz., when the bank accepted plaintiff's personal note for $189.05 in payment of the balance then due the bank on the last note given by the company. We cannot agree with this interpretation of the guaranty. The law is well settled that the undertaking of a guarantor is to be strictly construed and that his liability is not to be extended by construction or implication. (*Cigler v. Keinath,* 265 Ill. 144, 146; *Phoenix Mfg. Co. v. Bogardus,* 231 Ill. 528, 531; *Tolman & Co. v. Rice,* 164 Ill. 255, 258–9; *Heberling Med. & Ex. Co. v. Smith,* 201 Ill. App. 126, 130–1; *Harman Co. v. Kastor,* 202 Ill. App. 9; *West Madison State Bank v. Mudd,* 250 Ill. App. 636; *West Madison State Bank v. Mudd,* 250 Ill. App. 258.) As stated in *Ryan v. Trustees of Shawneetown,* 14 Ill. 20, 24, ''guarantors and sureties are not to be made liable beyond the express terms of their engagements. They have a right to prescribe the terms and conditions upon which they will assume a responsibility; and no person has a right to change those terms. . . . We cannot enforce terms which the parties have not stipulated to fulfill.''

In our judgment the guaranty is neither ambiguous nor doubtful in meaning. In plain language, it says that ''this company and the writer personally will and do hereby guarantee that should there be any contingent liability *on this note* we will protect you against any loss.'' (Italics ours.) Under the rules of law applicable to the instrument in question, we are satis-

fied that the guaranty applies only to the original note for $750.

Under the undisputed facts of this case plaintiff was not entitled to recover upon the guaranty, and the judgment of the municipal court of Chicago must therefore be reversed.

*Reversed.*

GRIDLEY and BARNES, JJ., concur.